## JOHN REDDINGTON v. PHILAD. TRACTION CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 16, 1890—Decided February 3, 1890.

When the plaintiff, in an action against a street-railway company for negligence, received his injuries while attempting to board the defendant's car while in motion, with one of his arms encumbered, his foot slipping from the step from a jolt of the car, it was not error to enter judgment of nonsuit.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 63 July Term 1889, Sup. Ct.; court below, No. 697 December Term 1884, C. P. No. 1.

On December 29, 1884, John Reddington brought case against the Philadelphia Traction Company, to recover damages for personal injuries. Issue.

At the trial on January 21, 1889, the plaintiff testified in his own behalf that on September 3, 1884, he hailed an open summer car of defendant company on Woodland avenue between Thirty-seventh and Thirty-eighth street; that the driver applied the brake and checked the speed of the car; that the plaintiff, having his coat and dinner bucket on his left arm, stepped

### Arguments.

upon the step just behind the front dasher, seizing the rail of the dasher with his right hand, the car still in motion; that, just as he got into this position, the driver threw off the brakes, when a jolt or sudden upward movement of the car occurred, the plaintiff's foot slipped from the step, and he was thrown by the movement under the wheel of the car, receiving severe injuries. Other testimony as to the manner in which the injuries were received was adduced.

At the close of the plaintiff's case, the defendant moving for a judgment of nonsuit, the court, ALLISON, P. J., said:

" It seems to me that the encumbrance of the left hand and arm of this plaintiff, at the time he got upon the car in motion, is a very material part of this case; that is, that the plaintiff had disabled himself before he attempted to get on the car, so as to prevent the use of his two hands and two arms, which it would be necessary for him to have the use of to enable him to get safely on the car. The fact that when he attempted to get on the car, which had not come to a full stop, he was not able to take hold of the supports, or uprights, with his left hand, which otherwise would have been a means of absolute safety to to him, is, I think, too material a point to be overlooked in this case. If he could have taken hold of the upright with his left hand, then, in all probability, he would not have been thrown off as he was. It was the disabling of himself which prevented him from doing, under the circumstances, what he otherwise might have done, and I think, under the ruling in the Ridge Avenue case, this motion for a nonsuit must be granted. Judgment of nonsuit."

A rule to show cause why the judgment of nonsuit should not be vacated having been discharged by the court in banc, the plaintiff took this appeal, assigning the order entering the nonsuit and the order discharging said rule for error.

*Mr. William H. Burnett,* for the appellant.

Counsel cited: (1) as to contributory negligence: Johnson v. Railroad Co., 70 Pa. 357; Stager v. Railway Co., 119 Pa. 70; Eppendorf v. Railway Co., 69 N. Y. 195 (25 Am. Rep. 171); which was for the jury in this case: Del. etc. R. Co. v. Cadow, 120 Pa. 559; Barnes v. Sowden, 119 Pa. 53; Lehigh V. R. Co. v. Greiner, 113 Pa. 600; Camden etc. R. Co. v. Hoo-

Opinion of the Court.

sey, 99 Pa. 492 ; Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55 ; Penna. R. Co. v. Kilgore, 32 Pa. 293 ; Neslie v. Railway Co., 113 Pa. 300 ; and was not proved: Beatty v. Gilmore, 16 Pa. 463 ; Erie City v. Schwingle, 22 Pa. 384 ; Bush v. Johnston, 23 Pa. 209 ; Mallory v. Griffey, 85 Pa. 275. (2) The defendant's negligence was the proximate cause : Penna. R. Co. v. Ogier, 35 Pa. 60 ; Pittsburgh v. Grier, 22 Pa. 54 ; Gray v. Scott, 66 Pa. 345 ; Penna. R. Co. v. Kilgore, 32 Pa. 292 ; Brown v. Lynn, 31 Pa. 510 ; Gould v. McKenna, 86 Pa. 297 ; Thirteenth etc. Ry. Co. v. Boudrou, 92 Pa. 475 ; West Mahanoy Tp. v. Watson, 116 Pa. 344 ; Hoag v. Railroad Co., 85 Pa. 293 ; Penna. etc. R. Co. v. Lacey, 89 Pa. 458 ; Lehigh V. R. Co. v. McKeen, 90 Pa. 122.

*Mr. David W. Sellers*, for the appellee, was not heard.

PER CURIAM :

The learned judge below was justified in directing a nonsuit in this case, for the reason that, according to the plaintiff's own statement of the cause of the accident, he was not entitled to recover. It occurred as he was attempting to get on one of the defendant's cars while it was still in motion. His left arm was encumbered with his coat and dinner bucket when he placed his foot on the step. The motion of the car caused his foot to slip, and, having only his right hand free, he was unable to hold on, and fell off and was injured. The only alleged negligence on the part of the driver was in loosening the brake when the plaintiff stepped on the car. It may be a jury would have found this to be negligence, and that the plaintiff was not guilty of contributory negligence ; but it would have been little short of a burlesque upon the administration of the law. The facts being undisputed, the learned judge below did not need the aid of a jury in determining their legal effect.

Judgment affirmed.