## Shuart v. Traction Company.

*Street railways—Negligence—Passenger—Question for jury.*

Where a street car stops to receive a passenger, it is the duty of the company to allow a reasonable time in which to get on the car in safety and in the event of injury resulting to such passenger by premature starting of the car, the question of negligence is properly for the jury.

Argued April 24, 1900. Appeal, No. 103, April T., 1900, by defendant, in suit of John J. Shuart and Millie J. Shuart, his wife, against the Consolidated Traction Company, a corporation under the laws of Pennsylvania, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1898, No. 2, on verdict for plaintiff as to Millie J. Shuart. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

Trespass. Before COLLIER, J.

26, (1900).]　　Statement of Facts—Opinion of the Court.

Material facts appear in the opinion of the court.

Defendant submitted the following point:

[1. Under all the evidence in this case the verdict should be in favor of the defendant.　*Answer:* Refused.] [1]

Verdict in favor of plaintiff in the sum of $1,500 as to Millie J. Shuart and for the defendant as to John J. Shuart and judgment thereon.　Defendant appealed.

*Error assigned* was refusal of defendant's point, reciting same.

*H. L. Castle,* with him *George C. Wilson* and *W. P. Potter,* for appellant.—Practically all the testimony as to how the accident happened, tersely stated, seems to be about this: The car stopped.　There is no intimation that it did not stop a sufficient length of time, not even the plaintiff says that she did not have time to get on.　She did get on the platform which was crowded.　After she was on the car a signal was given and the car started, and then she concluded it was a dangerous place, and allowed herself to slide down off from the car, and she got off about as a woman would usually get off.

In this case she seems to have attempted to board the car which was entirely full, even to the platform, and she got on as far as the car would allow: Picard v. Railway Co., 147 Pa. 195 ; Reddington v. Traction Co., 132 Pa. 154.

*C. C. Brock,* with him *F. P. Iams,* for appellee.

OPINION BY ORLADY, J., July 26, 1900 :

The plaintiff was injured in an accident which occurred as she was getting on a street car.　She had signaled the car to stop at a regular street crossing.　Two cars were being run coupled together and they stopped in response to her signal. No passenger was discharged at that place and she was the only one to get on the cars.　While the car was standing still she started to mount the rear platform of the trailer car.　When she had hold of the two hand rails, with her right foot on the lower step, and in the act of drawing her body up so as to place her left foot on the step, a signal was given to the motorman of the front car, and the cars started forward.　The plain-

tiff was forty-eight years old and weighed 264 pounds, and, realizing that she had not strength enough to pull herself up and fearing she would be dragged, she let herself down or slipped or was jolted off and thus received her injuries. The conductor of the rear car was on its platform within a few feet of her and gave her no assistance, nor did he give a signal to stop the car after it had started. A passenger on the rear platform who knew the plaintiff testified : " Just as she raised her foot and the car started and as a matter of course she could not pull herself up I think the force of the car going would do it, at least I looked at it at the time, that it was not herself that let go ; I think it would be the going of the car that gave her such a jerk that she would slip off.". When the car stopped to receive her as a passenger, it was the duty of the defendant to allow her a reasonable time in which to get into the car in safety, and she had a reasonable right to expect that this would be done. Her age and unusual size would naturally indicate that she would require more time, and be entitled to more care and attention than an average person in full possession of ordinary strength and faculties. If the platform was so crowded that she could not be received in safety, she should have been notified to stay off the car. Under the plaintiff's evidence, the immediate and sole cause of her injuries was the sudden starting of the car before she was safely received as a passenger. Not being guilty of negligence up to the time she was rising from the ground to the car step, and being, by the unexpected starting of the car, in a position of peril, she was bound to use only good faith and reasonable care, and was not bound to use the best judgment. To remain as she was then circumstanced would enhance her risk as the car increased its speed. She was helpless in attempting to draw herself up to the car, and she received no aid from the conductor though he was but an arm's length from her. To attempt to get to the ground was a most natural impulse, and whether she endeavored to step off, or slipped down, or was thrown off, the result was the same. The whole question was for the jury and it was submitted in a careful and adequate charge : Penna. R. Co. v. Werner, 89 Pa. 59 ; Vallo v. Express Co., 147 Pa. 404 ; Malone v. Pittsburg & L. E. R. R. Co., 152 Pa. 390 ; Cannon v. Traction Co., 194 Pa. 159 ; McAnally v. Penna. R. Co., 194 Pa. 464 ; Quinn

v. Railway Co., 7 Pa. Superior Ct. 19 ; Fisher v. Ruch, 12 Pa. Superior Ct. 240. The cases of Picard v. Ridge Avenue P. R. Co., 147 Pa. 195, and Reddington v. Philadelphia Traction Co., 132 Pa. 154, differ from this one in that in both those cases the passenger attempted to board a moving car, while in this the car was at a standstill in response to her signal to be received as a passenger.

The judgment is affirmed.