## McCurdy *v.* Traction Company.

*Street railways—Negligence—Premature signal to start—Question for jury.*

A trolley car having stopped to receive a number of passengers at a crossing it is the duty of the conductor to see to it that these persons have a reasonable time in which to enter in safety, or if the car is so crowded with passengers as to make it unsafe to receive them, to give them notice to stay off.

The question of negligence is for the jury when the conductor of a crowded car, remaining inside, starts the car, relying on the information of a passenger on the back platform, while persons desiring to board the car are endeavoring to do so. The conductor may not delegate his judgment.

Argued May 10, 1900. Appeal, No. 122, April T., 1900, by defendant, in suit of Fred H. McCurdy, by his father and next friend, H. P. McCurdy, against United Traction Company, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 309, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by ORLADY, J.

Trespass. Before EVANS, J.

It appears from the record that this appeal and the one following are from judgments in favor of H. P. McCurdy, as the father of Fred H. McCurdy, a minor, and in favor of Fred H. McCurdy. Fred H. McCurdy is an infant and at the time of the accident was about nine months old. The accident happened in Allegheny city on the evening of October 11, 1898, about 9 o'clock, P. M.

There was evidence tending to show that when the car reached

the point where these parties were waiting to get on, it was so crowded with passengers that there were about eight people standing on the platform. Two ladies got on the car ahead of the McCurdys and one of them succeeded in getting up on to the platform, the other had to stand on the step. Mrs. McCurdy with her infant in her arms, then got on the step of the car. Her husband did not get on the car. He made some remark to her about which there is some little difference in the testimony, but substantially that the car was too crowded, that he would not get on. The conductor at this time was inside of the car, about the middle of the car, collecting fares. He did not see Mrs. McCurdy get on the car at all. He called out, as is customary, to know if everything was all right. A passenger replied, "All right," whereupon the conductor rang the bell and the car started.

After the car had run about thirty or thirty-five feet, Mrs. McCurdy in some way fell off the car, and the child was injured. She says she thinks she let go of the railing to which she was holding with her right hand, and lost her balance and fell. The court below submitted the case to the jury to find whether or not the car stopped a sufficient length of time to allow her to get to a place of reasonable safety.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant. (2) In answer to defendant's second point, which point and the answer thereto are as follows: "2. If the above point is refused, then the court is requested to charge: Under the pleadings and the evidence the verdict should be for the defendant as to H. P. McCurdy, the father. *Answer:* Refused."

*J. H. Beal,* with him *Knox & Reed,* for appellant.—We submit to the court that the evidence in this case shows absolutely no negligence on the part of the defendant company. That on the contrary it shows clearly that the accident was due entirely to the action of Mrs. McCurdy in getting on a car already crowded with passengers. She went into a place that was manifestly dangerous. She was not jolted off by any sudden starting of the car, because she admits, and all her witnesses agree,

that the car had gone some thirty or thirty-five feet before she fell off. Her own story is that she let go of the railing to which she was holding, and thereby lost her balance and fell off. Why should the defendant company be held liable in damages for an accident of this kind?

It is not contended that there was any possible chance for her to get inside of the car, but the court below evolved a theory, and submitted the case to the jury, to find whether or not Mrs. McCurdy saw a space on the platform to which she could get, and whether that would have been a place of greater safety than the place in which she stood, on the step, and if they so found, then the defendant was guilty of negligence.

*W. H. S. Thomson*, for appellee.—Any argument for the appellees is surely unnecessary. The case was clearly for the jury, and the only just cause for complaint is the smallness of the verdicts rendered. The negligence of the defendant was the plain cause of the accident.

OPINION BY ORLADY, J., July 26, 1900:

When the car of the defendant company stopped at a regular street crossing in response to the signal of H. P. McCurdy, it could have been for but one purpose, to wit: to receive as passengers the six or seven persons who were there standing, and who intended to take passage on that car. Having stopped for that purpose it was the duty of the defendant's conductor to see to it that these persons had a reasonable time in which to enter in safety, or, if the car was then so crowded with passengers as to make it unsafe to receive them, to give them notice to stay off the car. The conductor had full control of the situation; it would not move except at his direction. It appears from the undisputed testimony that when these persons were getting on the car, the conductor was in the body of the car engaged in collecting fares, and he chose to act on the judgment of a passenger, on the rear platform, as to when it should be started. Unfortunately, the announcement of this passenger that it was "All right" was given at a time when a woman, having in her arms a young babe, was in the act of mounting the steps with the aid of her husband. No one, authorized to act for the company, was giving any attention to these passengers. The signal

to start the car was given by the conductor when he could not see them, or judge of the care necessary to give to them, and it was for the jury to say whether this was negligence. The conductor could not delegate his judgment to the passenger. There is no evidence in the case to justify the charge of contributory negligence of the father or mother of the injured child. She was where she had been invited to be by the defendant—on the steps of the car—and by the act of the conductor, she was suddenly placed in a position of great peril to herself and babe. She could not enter the car on account of the crowd on the platform, and her husband could not get on the step before the car started. In her effort to get from the lower step into the car, hampered as she was with the baby in her arms, she lost her balance and fell, or was thrown from the car, to the street, which resulted in injuries to the child. The defendant urges that the accident was due entirely to the action of Mrs. McCurdy in getting on a car already crowded with passengers, and that she went into a place manifestly dangerously. It is a sufficient answer to this to say that she could not know the condition of the rear platform until she attempted to mount the steps, at which moment three other persons were received safely on the same platform, and she had no reason to anticipate the sudden starting of the car when she was on the lower step. Her husband and another child were immediately behind her, intending to enter the same car. The fact that she clung to the hand-hold until the car had moved thirty-five feet is not evidence of negligence in accepting the invitation of the defendant to become a passenger. Her position on the step was not a dangerous one until the car started. Being placed in a perilous situation by the negligent act of the conductor, it was a most natural act on her part to attempt to get in to the car.

The case was clearly for the jury, and was fairly submitted to them: Shuart v. Traction Company, ante, p. 26.

The judgment is affirmed.