# Redington *v.* Harrisburg Traction Company, Appellant.

*Negligence—Street railways—Passenger—Getting on car—Starting car—Duty of conductor.*

On a single-track street railway it is the duty of a conductor before giving the signal to start the car, to look on both sides of the rear platform to see if passengers are about to enter the car. If he fails to do so, and a passenger is injured by a premature start of the car, the company will be liable.

In an action of trespass against a street railway company to recover damages for personal injuries received by a woman while attempting to enter a car, it appeared that the car had stopped at a street crossing to allow another passenger, who had signaled from the upper side of the street, to get on. After she was safely on, the car was started in the usual manner. The railway was a single track, and the rear platform of the car was open to receive passengers from both sides. The plaintiff and her sister were upon the other side, waiting to enter. They did not signal for the car to stop, but it did stop for the passenger upon the opposite side of the car, and the plaintiff assumed that she could enter from the side upon which she was standing, and while in the act of mounting the steps the car was started and she was thrown to the ground. *Held*, that the case was for the jury, and that a judgment on a verdict for plaintiff should be sustained.

Argued Jan. 19, 1905. Appeal, No. 2, May T., 1904, by defendant, from judgment of C. P. Dauphin Co., June T., 1903, No. 481, on verdict for plaintiff in case of Susan Redington v. Harrisburg Traction Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KUNKEL, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented the following points :

2. It is an undisputed fact in this case that the car of the defendant which the plaintiff attempted to board had been stopped for the purpose of receiving a passenger on the other side of the street, and that neither the plaintiff nor her sister, who was with her, had signaled for the car to stop. As there is no evidence that either the motorman or conductor of the car had seen the plaintiff or her sister, or had any knowledge

of their intention to board the car, it was not negligence to start the car in the usual way after the passenger for whom it had stopped had been received. The verdict must, therefore, be for the defendant. *Answer :* This point is refused. [1]

3. It is undisputed that the plaintiff gave no signal of her intention to board the defendant's car, and that it was stopped for a passenger on the other side of the street, and that neither the conductor nor the motorman had any knowledge of her intention to become a passenger. It was therefore no negligence to start the car after the passenger for whom it had been stopped had been received, and the verdict must therefore be for the defendant. *Answer :* This assumes that no signal was given by the plaintiff; we think that it is for the jury to determine whether standing where the plaintiff said she stood was a signal or not. [2]

4. There is no evidence in this case of negligence on the part of the defendant or its employees, and, therefore, the verdict must be for the defendant. *Answer :* Refused. [3]

5. In view of the plaintiff's testimony that she had given no signal to stop the car, and that it had stopped for a passenger on the opposite side of the street, and the undisputed testimony that neither the conductor nor the motorman had any knowledge of her intention to become a passenger, it was not negligence for the motorman and conductor in charge of the car to start it as they did, and the verdict must be for the defendant. *Answer :* Refused. [4]

6. Upon the plaintiff's own testimony, and all the testimony in the case, there is no evidence of negligence, and the verdict must be for the defendant. *Answer :* Refused. [5]

7. The mere standing on a corner or even in the street, without anything further, is not sufficient to notify the conductor of a street car that the person or persons so standing are intending to become passengers. *Answer :* This is refused. We think the place where and the circumstances surrounding the standing must determine that question. [6]

Verdict and judgment for plaintiff, for $2,000. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*Charles L. Bailey, Jr.*, with him *Le Roy J. Wolfe*, for appellant.—This case is ruled by Pitcher v. People's Street Ry. Co., 154 Pa. 560.

*W. M. Hargest* of *Hargest and Hargest,* for appellee.—Standing on a street crossing, where it is customary to board cars, in close proximity to the track, is of itself a sufficient signal to the car to stop: McCurdy v. Traction Co., 15 Pa. Superior Ct. 29 ; Powelson v. United Traction Co., 204 Pa. 474; Shuart v. Traction Co., 15 Pa. Superior Ct. 26 ; Joliet Street Ry. Co. v. Duggan, 45 Ill. App. 450; Davey v. Greenfield, etc., Ry. Co., 177 Mass. 106 (58 N. E. Repr. 172); Post v. Hartford St. Ry. Co., 72 Conn. 362 (44 Atl. Repr. 547) ; Dudley v. Front Cable St. Ry. Co., 73 Fed. Repr. 128.

OPINION BY MR. JUSTICE POTTER, February 19, 1905 :

This is an action of trespass to recover damages for personal injuries received by the plaintiff while attempting to enter a car of the defendant company. The car had stopped at a street crossing to allow another passenger, who had signaled from the upper side of the street, to get on. After she was safely on, the car was started in the usual manner. But the railway was a single track, and the rear platform of the car was open to receive passengers from both sides, and it seems that the plaintiff and her sister were upon the other side, waiting to enter. They did not signal for the car to stop, but it did stop for the passengers upon the opposite side of the car, and the plaintiff assumed that she could enter from the side upon which she was standing, and while in the act of mounting the steps the car was started and she was thrown to the ground. Evidently the conductor did not see the plaintiff and was not aware that she was in the act of stepping on the car when he gave the signal to the motorman to go ahead. But it was his duty to have seen her. The company had invited her to enter from either side of the car, so that it cannot be said that she was entering from the wrong side, or from a place where the conductor had no reason to expect a passenger to be. If this had been a double-track road, where passengers were universally expected to get on and off at the right-hand side of the rear platform, the conductor might

have been excused for presuming that passengers would enter from one side only. But under the circumstances he was bound to look for the entry of passengers from both sides. Much has been said in the argument for the appellant about the lack of any signal by the plaintiff to indicate as the car approached that she wanted to board it. Her failure to signal might have excused the men in control of the car, had they failed to stop. But the car was stopped for one passenger upon the other side, and having thus stopped the car at a street crossing, where passengers were to be expected to get on, it was the duty of the conductor to give sufficient time to all persons who might wish to enter the car, to do so in safety. He had no more right to imperil the safety of an intending passenger upon one side of the car than upon the other. The negligence of the conductor consisted in his failure to look on both sides of the rear platform before he gave the signal for the car to start.

The trial judge very properly instructed the jury that if the plaintiff attempted to get on the car while it was in motion, she was guilty of contributory negligence and could not recover. So that the verdict must be taken as establishing the contention of the plaintiff that the car was started after she had one foot on the step and before she was safely on the platform, and that this premature starting of the car threw her to the ground, and resulted in her injury.

Under the medical testimony it was, however, extremely doubtful if the serious trouble of which the plaintiff complained, could be justly charged to this accident. One of the physicians testified squarely that her condition was not the result of the accident, but was a long standing trouble. The other physicians did not go beyond saying that her fall may have caused a recurrence of the old trouble. So that in so far as this feature of the case was concerned, the jury could only have guessed at the seriousness of the effect of the fall. The trial judge might very properly have cautioned the jury in this regard, and have called their attention to the meagerness of the testimony tending to show that this accident affected in any serious way the permanent trouble from which the plaintiff had admittedly suffered before that time. The physician who examined her very shortly after the accident, testified

that she was suffering from a condition which had existed for years, and which could only have been cured by an operation. However, no specific requests for instructions covering this feature were made by counsel at the trial, nor is the inadequacy of the charge in this respect here assigned for error.

The assignments which are presented are overruled and the judgment is affirmed.