# White v. Columbia and Montour Electric Railway Company, Appellant.

*Negligence—Street railways—Passengers—Jerk of car—Province of court and jury—Exorbitant verdict—New trial.*

In an action against a street railway company by a passenger to recover damages for personal injuries, the case is for the jury where the plaintiff and her daughter testify that the car started before plaintiff had a reasonable opportunity to be seated, and that the jerk of the car threw the mother down and caused the injuries complained of.

The appellate court will not reverse a judgment on a verdict though of opinion that it is exorbitant, where no abuse of discretion has been committed by the trial court.

Argued April 10, 1906.   Appeal, No. 84, Jan. T., 1906, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1905, No. 107, on verdict for plaintiff in case of George White and Emily D. White v. The Columbia and Montour Electric Railway Company.   Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before
STAPLES, P. J., specially presiding.

At the trial the jury returned a verdict of $5,000 for George
White and $7,000 for Emily D. White.

The court refused a motion for judgment for defendant non
obstante veredicto.

*Error assigned* was (1) in discharging rule for judgment for
defendant non obstante veredicto, and (2) in overruling mo-
tion for a new trial.

*William H. Sponsler*, with him *A. W. Duy* and *Grant Her-
ring*, for appellant.

*Paul J. Sherwood*, for appellees, was not heard.

PER CURIAM, May 24, 1906 :

Appellant's argument on the refusal of the court below to
enter judgment for the defendant non obstante veredicto is
based on the proposition that a mere description or characteri-
zation of the jerk in starting the car as excessive is not suffi-
cient to prove negligence.   But this overlooks the testimony
of the plaintiff and her daughter, following the description of
the jerk, that the car started before plaintiff had reasonable op-
portunity to be seated and that the jerk threw the mother down
and caused the injuries complained of.   The testimony of ex-
perienced witnesses as to the character of the jerk might well
persuade the jury that the plaintiff's account was exaggerated,
but it could not take the issue out of the province of the jury
to decide.

The amount of the verdict was exorbitant, especially that for
the husband, and in view of the circumstances and testimony
casting such very serious doubt on the honesty and good faith
of the claim, if we sat on the motion for a new trial we should
unhesitatingly grant it.   But the court below, in whose prov-
ince it was, considered the matter carefully, did not feel called
upon to interfere, and in this view there was no abuse of dis-
cretion which would justify us in so doing.

Judgment affirmed.