221    129
f40SC¹113

# Rea v. Media, Middletown, Aston & Chester Electric Railway Company, Appellant.

*Negligence—Street railways—Passenger—Getting on car—Contributory negligence—Case for jury.*

In a suit by a passenger for personal injuries against a street railway company, a prima facie case is made for the jury, where the plaintiff testifies that the car had stopped, and she had put her left foot on the step and was reaching with her right hand for the hand rail, when the conductor suddenly started the car, and she was thrown to the ground.

In such a case the question of plaintiff's contributory negligence is for the jury, where the plaintiff testified that while she was in the act of reaching for the hand rail, she saw the conductor standing with his back to her, put his hand up, and she supposed he started the car, but she made no outcry or other effort to attract his attention.

Although the Supreme Court may be of the opinion from a consideration of the printed testimony that the weight of the evidence was against a successful plaintiff in an accident case, and that a new trial might have been granted on that ground, yet it will not reverse the judgment, where it appears that the trial judge after having seen and heard the witnesses, considered the question on a rule for a new trial, and concluded that he could not say that there was "such a preponderance of evidence in favor of the defendant as would warrant the setting aside of the verdict."

Argued Feb. 11, 1903.    Appeal, No. 352, Jan. T., 1907, by defendant, from judgment of C. P. Delaware Co., March T., 1906, No. 103, on verdict for plaintiff in case of William B. Rea and Henrietta K. Rea, his Wife, v. The Media, Middletown, Aston & Chester Electric Railway Company.    Before MITCHELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.    Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for William B. Rea for $1,000, and for Henrietta K. Rea for $3,000.    Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*David Wallerstein*, with him *E. A. Howell*, for appellant.

*Carlos E. Hough*, for appellee, was not heard.

PER CURIAM, May 4, 1908 :

The plaintiff testified that the car had stopped and she had put her left foot on the step and was reaching with her right hand for the hand rail, when the conductor suddenly started the car and she was thrown to the ground.   This made a prima facie case for the jury.

The plaintiff also testified that while she was in the act of reaching for the hand rail she saw the conductor, standing with his back to her, put his hand up and she supposed he started the car, but she made no outcry or other effort to attract his attention.   This is argued by appellant as showing contributory negligence.   It was certainly evidence of it, but did not establish the fact so clearly that the court could take the question from the jury.

The weight of the evidence was that the car had not stopped when plaintiff attempted to board it.   On her own showing there was a sort of scramble there, some boys and several young girls making a rush and getting on the car before it stopped.   The weight of the evidence clearly appears to be that plaintiff also made a like attempt.   It would have put the case in a more satisfactory shape had the court granted a new trial on this point.   But the learned judge saw and heard the witnesses, considered this question on a rule for new trial, and concluded that he could not say that there was " such a preponderance of evidence in favor of the defendant as would warrant the setting aside of the verdict."   While we should have reached a different conclusion we cannot say his was so clearly wrong as to require a reversal of the judgment.

Judgment affirmed.