# Goodhart v. Columbia & Montour Electric Railway Company, Appellant.

*Negligence—Street railways—Passenger—Sudden start of car.*

In an action by a passenger against a street railway company to recover damages for personal injuries, it is not error to permit the jury to draw an inference of negligence upon the part of those operating the car, when it is shown that before the passenger acting promptly had time to reach a seat, the car was started with an unusual jerk, so violent that the passenger would have been thrown to the floor if she had not caught and held fast to a seat, and in doing so injured her knee.

Argued March 2, 1908. Appeal, No. 46, March T., 1908, by defendant, from judgment of C. P. Columbia Co., Dec. T., 1906, No. 26, on verdict for plaintiff in case of Emma F. Goodhart v. The Columbia & Montour Electric Railway Company. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $950. Defendant appealed.

*Error assigned* was in giving binding instructions for defendant.

*W. H. Sponsler*, with him *A. W. Duy*, for appellant, cited: White v. Railway Co., 215 Pa. 462.

*Fred Ikeler*, with him *Christian A. Small*, for appellee, cited: White v. Railway Co., 215 Pa. 462; Holmes v. Traction Co., 153 Pa. 152; Walters v. Traction Co., 161 Pa. 36; Austrian v. United Traction Co., 19 Pa. Superior Ct. 329; Powelson v. United Traction Co., 204 Pa. 474.

OPINION BY PORTER, J., July 15, 1908:

The plaintiff seeks to recover for injuries alleged to have

been sustained through the negligence of the defendant company while a passenger on one of its cars, and the defendant appeals. The only assignments of error relate to the refusal of the court below to give binding instructions in favor of the defendant, and the subsequent discharge of a rule to show cause why judgment should not be entered in favor of the defendant non obstánte veredicto. The only question presented is as to whether there was any evidence to justify a finding that the defendant company was guilty of negligence.

The car had stopped to receive passengers and the plaintiff, in company with her mother, ascended to the platform and entered thè body of the car. The seats in the car were arranged às in an ordinary coach, an aisle running through the center, with seats facing the front at each side. The plaintiff and her mother testified that upon boarding the car they moved promptly through the door and along the aisle to the first empty seat, the third one from the door. The plaintiff was in advance and was in the act of turning from the aisle into this seat when the car was suddenly started with an unreasonable, sudden and violent jerk or jar, which made it necessary for her to catch and hold fast to the seat in order to keep from falling to the floor, and her knee was struck against the seat, the ligaments of the limb, at the knee joint, being severely sprained and torn. The plaintiff testified that the injury was caused by the sudden starting of the car, before she had time to reach a seat. As to the manner in which the car was started she testified that "It was a sudden, violent jerk;" that she had frequently ridden on trolley cars and that the car on this occasion "was greatly jarred more than it was before whenever I was on the car, very much greater." She testified, as to the effect of the violent starting of the car: "I would have fallen to the floor if I had not caught myself to the seat." Her testimony was corroborated by that of her mother; who said that she, herself, would have been thrown to the floor, by the sudden and violent starting of the car with a jerk, if she had not caught hold of and held on to the back of a seat. Another witness, seemingly disinterested, testified that he had observed the plaintiff catch hold of the seat to keep from falling.

We must, for the purposes of this case, assume this evidence to be true. The question, therefore, is, is it proper to permit a jury to draw an inference of negligence upon the part of those operating the car when it is shown that before a passenger acting promptly has time to reach a seat the car is started with an unusual jerk, so violent that a passenger will be thrown to the floor if he is not fortunate enough to catch hold of something to prevent his falling? That such a case is for the jury has been so flatly ruled that further discussion is unnecessary: Powelson v. United Traction Company, 204 Pa. 474; Boulfrois v. Traction Company, 210 Pa. 263; White v. Columbia & Montour Electric Railway Company, 215 Pa. 462. The assignments of error are overruled.

The judgment is affirmed.