## Donnelly *v.* Buffalo & Lake Erie Traction Company, Appellant.

*Negligence—Street railways—Getting on car—Sudden start of car—Case for jury.*

1. In an action by a woman against a street railway company to recover damages for personal injuries sustained while getting on a car, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained where the plaintiff and her two witnesses testify in effect that the car had stopped at a street where she was standing, at a

place where cars usually stop; that the plaintiff was there waiting to become a passenger on that car; and that when she took hold of the hand rail the conductor suddenly started the car, and she was thrown to the ground and injured.

2. If a proposed passenger takes a stand at a point where a street car usually stops for passengers, and the car stops there, it is the duty of the conductor to give the passenger a reasonable time to get on the car safely.

3. Where three witnesses testify that a street car stopped and six witnesses testify that it did not stop, and the trial judge calls the attention of the jury to the testimony of all of these witnesses, it is not necessary for the trial judge to go further and enumerate the exact number of witnesses arrayed on the two sides against each other.

*Practice, C. P.—Trial—Improper remarks of counsel.*

4. The appellate court will not reverse a judgment on a verdict for plaintiff in an accident case because the trial court refused to withdraw a juror and continue the case after counsel for the plaintiff had said to the jury: "How much would you take to be in the same condition as the plaintiff?"

Argued April 12, 1909. Appeal, No. 60, April T., 1909, by defendant, from judgment of C. P. Erie Co., Nov. T., 1907, No. 128, on verdict for plaintiff in case of Susan Donnelly v. Buffalo & Lake Erie Traction Company. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Walling, P. J.

At the trial the court refused binding instructions for defendant.

Before verdict and before the jury retired defendant's counsel excepted to the charge of the court generally, also for the reason that the court did not comment upon the greater number and disinterestedness of the witnesses for the defendant over those of the plaintiff, on the subject of alleged stopping of the car and the circumstances attending the alleged injury. [4]

In his argument to the jury plaintiff's counsel, in discussing the question of damages, stated to the jury as follows:

" Now, gentlemen, how much would you take and be in the same condition that Mrs. Donnelly is in?" to which defendant's

counsel objected, and requested the court to withdraw a juror and continue the case and also asks for an exception; objection and request overruled and exception sealed for the defendant. [5]

Verdict and judgment for plaintiff for $1.000. Defendant appealed.

*Errors assigned* were (1, 4, 5) above rulings.

*J. M. Sherwin*, with him *S. A. Davenport*, for appellants.— No negligence was shown on part of defendant: Pitcher v. People's St. Ry., 154 Pa. 560; Blair v. Transit Co., 36 Pa. Superior Ct. 319; Hatch v. Ry. Co., 212 Pa. 29; Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70; Gardner v. New Haven, etc., Co., 18 Am. & Eng. R. R. Cases, 170.

Defendant submits that the plaintiff was clearly guilty of contributory negligence: Blair v. Rapid Transit Co., 36 Pa. Superior Ct. 319; Reddington v. Traction Co., 132 Pa. 154; Bendon v. Traction Co., 26 Pa. Superior Ct. 539.

Defendant submits that this failure on the part of the trial judge to call the attention of the jury to the numerical strength of defendant's witnesses, six to three, was error: Hodder v. Transit Co., 217 Pa. 110; Lingle v. Ry. Co., 214 Pa. 500.

Counsel for plaintiff is an officer of the court and defendant submits that he should no more be permitted than the court, to give to the jury an improper standard for estimating damages: Saxton v. Ry. Co., 219 Pa. 492; Wagner v. Hazle Twp., 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226; Freeman v. Traction Co., 36 Pa. Superior Ct. 166.

*John B. Brooks*, with him *Paul A. Benson*, for appellee.— Where the car stops to receive a passenger it is the duty of the company to allow a passenger a reasonable time in which to get on the car in safety and in the event of injury resulting to such passenger by premature starting of the car, the question of negligence is properly for the jury: Shuart v. Traction Co., 15 Pa. Superior Ct. 26; McCurdy v. Traction Co., 15 Pa. Superior Ct. 29; Rea v. Ry. Co., 221 Pa. 129.

The remark of counsel was not improper: McNeil & Bros. Co. v. Crucible Steel Co., 207 Pa. 493; Com. v. Sarves, 17 Pa. Superior Ct. 407; Phœnix Brewing Co. v. Weiss, 23 Pa. Superior Ct. 519; Schaffer v. Coleman, 35 Pa. Superior Ct. 386.

OPINION BY MORRISON, J., July 14, 1909:

The first and second assignments of error were argued together by appellant's counsel. To sustain either of them we must hold that there was not sufficient evidence to carry the case to the jury on the question of the negligence of the defendant, or that under all of the evidence, the plaintiff was, as a matter of law, guilty of contributory negligence. We cannot agree with the contention of the appellant's counsel on either of those questions.

If the plaintiff and her two witnesses were believed by the jury, the car had stopped at Wayne street, where she was standing at a place where the cars usually stopped; that the plaintiff was there waiting to become a passenger on that car; and that when she took hold of the hand-rail, the conductor suddenly started the car and she was thrown to the ground and injured. The testimony of the plaintiff and her two witnesses brings the case squarely within the rule found in Rea v. Media, etc., Electric Ry. Co., 221 Pa. 129. There the Supreme Court said: "The plaintiff testified that the car had stopped and she had put her left foot on the step and was reaching with her right hand for the hand-rail, when the conductor suddenly started the car and she was thrown to the ground. This made a prima facie case for the jury." It does not appear in that case that the conductor saw the plaintiff at all or that she gave any signal or indication that she intended to board the car. It was contended in that case that the plaintiff was guilty of contributory negligence. The court said on that point: "It was certainly evidence of it, but did not establish the fact so clearly that the court could take the question from the jury." As we understand the present case we cannot sustain the first and second assignments, or either of them, without practically overruling the above cited case.

The learned counsel for appellant asks us to place a certain

construction on the plaintiff's testimony as to how she was trying to get on the car and then to say, as a matter of law, that she was injured by her own awkwardness in taking hold of the hand-rail at her left with her right hand. We do not think the plaintiff's evidence clearly warrants the inference drawn from it by the learned counsel. The probability is that the proper inference to be drawn from the testimony is that she took hold of the hand-rail near the rear of the car at her right and was in the act of getting on the car when it started. Surely the fact that the counsel and the court cannot agree as to the meaning of her testimony on this point justified the submission of the question of her contributory negligence to the jury.

It may be difficult to distinguish the present case, on its facts, from Pitcher v. People's St. Ry. Co., 154 Pa. 560. All we care to say about that and kindred cases, cited by appellant's counsel, is that they were close cases and in the Pitcher case two of the judges of the Supreme Court dissented on the ground that the case was for the jury, and later cases, especially Rea v. Media, etc., Electric Ry. Co. seem to us to require a court to submit such a case as the present one to a jury.

The learned counsel cites and relies on Blair v. Phila. Rapid Transit Co., 36 Pa. Superior Ct. 319, but that case is readily distinguished from the present one. There it was not shown that the car had come to a stop and it was not at a regular stopping place. The plaintiff testified: "I never wanted a car to stop for me altogether. I thought I could get on a car better when it was running—it just gently swings you on." That case rightly understood does not support the appellant's contention. The first and second assignments are not sustained.

In support of the third assignment it is argued that the defendant could not be guilty of negligence, even if the car stopped at Wayne street, until the plaintiff did or said something to indicate to the conductor that she desired to become a passenger. We think the learned court below took the correct view of the law, under the evidence on that point. If the plaintiff was standing at a point where the car usually stopped for passengers, and it did stop there, it was the duty of the conductor to give her reasonable time to get on the car safely: Redington v.

Harrisburg Traction Co., 210 Pa. 648; Shuart v. Traction Co., 15 Pa. Superior Ct. 26; McCurdy v. Traction Co., 15 Pa. Superior Ct. 29. The third assignment is not sustained.

We discover no merit in the fourth assignment. The learned court carefully called the attention of the jury to the testimony of all of the witnesses on the question of whether or not the car stopped at Wayne street. It is true that the court did not, in words, say that three persons testified that the car stopped and six that it did not stop. But reading the charge of the court on this question leads us to the conclusion that it would have been a very stupid juror who did not discover, from the charge, that the witnesses were two to one against the plaintiff's contention as to the stopping of the car. The appellant's counsel, on this point, cites and relies on Hodder v. Phila. Transit Co., 217 Pa. 110, but there the plaintiff alone testified that the car stopped and she was pointedly contradicted by six witnesses and the court below failed to call the attention of the jury to this striking circumstance. For that failure the Supreme Court sustained an assignment of error. But in the present case the learned judge in his charge did practically all that was required by the Hodder case. The fourth assignment is not sustained.

As to the fifth and sixth assignments, we remark that the counsel was out of order in his remarks to the jury and he merited a rebuke. But we cannot say that "these remarks were so prejudicial to the defendant as to require us to take notice of them as reversible error:" McNeil & Bros. Co. v. Crucible Steel Co., 207 Pa. 493–504; see also Phœnix Brewing Co. v. Weiss, 23 Pa. Superior Ct. 519; Shaffer v. Coleman, 35 Pa. Superior Ct. 386.

The assignments of error are all dismissed and the judgment is affirmed.