## Ferrara *v.* West Jersey & Seashore R. R. Co., .Appellants.

*Negligence—Railroad—Sudden starting of train—Contributory negligence—Case for jury.*

In an action against a railroad company by a passenger to recover damages for personal injuries, a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the plaintiff, a woman, was injured while boarding a train which had stopped to allow her to get on,' and that, while standing on the rear platform, before entering the car, the train started with a jolt described as "an awful funny jerk," the effect of which was that the plaintiff's body was precipitated from the platform of the rear coach to the ground. .

*Negligence—Action for damages by husband for injury to wife— Proof of marriage—Case for jury.*

Where in an action by the husband for damages for injuries to his wife, the marriage of the plaintiffs is questioned, the case is for the jury, and where such question has been left to the jury, under proper instructions, a verdict for the plaintiff will be sustained.

Argued Oct. 17, 1918. Appeals, Nos. 117 and 118, Oct. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia County, Sept. T., 1916, No. 4294, on verdict for plaintiffs in case of Joseph Ferrara and May Ferrara v. West Jersey & Seashore R. R. Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

At the trial it appeared that the plaintiff was injured while riding as a passenger on one of defendant's trains. The circumstances of the accident are set forth in the opinion of the Superior Court.

Verdict for plaintiffs, for Joseph Ferrara $175 and May Ferrara $300 and judgment thereon. Defendant appealed.

The appellant's statement of question involved was as follows:

"1. Whether the testimony merely of a 'sudden' or 'awful funny' jerk at train starting is sufficient evidence of negligence against the carrier to support a verdict?

"2. Where plaintiffs claim to be married and the suit is for injuries to the woman, the defense being in part a fraudulent effort to collect damages, supported by strong documentary and oral testimony that there was no marriage, whether a charge is not inadequate which does not specifically instruct the jury upon the character and weight of the testimony in the case?

"3. Whether under such facts the court so abused its discretion in refusing a new trial that a reversal could be had on that account."

The court charged in part as follows:

A question has been raised by the defendant which you would have to consider if you reach that point in your deliberations. The defendant contends that Joseph Ferrara was, at the time of the happening of this accident, not the husband of the woman who was injured. That is a question of fact for you to decide. The two plaintiffs have testified that they are husband and wife, and they told you when they were married and the circumstances under which they were married. They tell you they are living together and they have a child. The defendant produces certain records here before you and has also brought a witness, one of its investigators, who testified to certain conversations. Of course, there may be people of the same or similar names. You may have cases of that kind under your observation or within your knowl-

edge.   I certainly have within my knowledge persons who have names that are similar if not identical, and you have the right to consider that.   The defendant claims that the persons who are plaintiffs in this case are not legally married.   If they are not legally married Joseph has no right to recover because he would then be what is known under the law as a volunteer.   If he volunteered to expend money for the benefit of some third person it would be very laudable but it would not entitle him to bring an action against a third person for the recovery of the money which he had expended.   So that if you conclude that Joseph Ferrara was not the husband of the woman who was injured, then you should return a verdict for defendant as to him, even if the defendant company was negligent and the two plaintiffs were entirely free from negligence.

*Errors assigned* were charge of the court, answers to points and refusal of defendant's motion for judgment n. o. v.

*Sharswood Brinton,* for appellant.—The plaintiff did not establish the negligence of the defendant: Herstine v. L. V. R. R. Co., 151 Pa. 244; Irvine v. D., L. & W. R. R. Co., 184 Fed. 664; Ufferman v. P. R. T. Co., 253 Pa. 394; C. & O. Ry. Co. v. Needham, 244 Fed. 146.

The appellant was entitled to more adequate and specific instructions as to the weight of the evidence on the point of marriage: Pyne v. D., L. & W. R. R. Co., 212 Pa. 143; Fitzpatrick v. Union Traction Co., 206 Pa. 335; Fredericks v. Northern Central R. R. Co., 157 Pa. 103.

*H. J. Scott,* for appellee.

OPINION BY ORLADY, P. J., February 28, 1919:

This action was brought to recover damages for injuries sustained by May Ferrara, wife of Joseph Ferrara,

who was thrown from the platform of a train of the defendant, which she was entering as a passenger. Two cases were tried before a single jury, and separate verdicts were rendered in favor of the husband and the wife. Two appeals were taken and argued together before this court. Two questions are presented, the first being, the sufficiency of proof as to the relation of the parties as husband and wife, in regard to which there was considerable dispute in the evidence and of which the trial judge stated, "I have already left to the jury the question, to be ascertained, as to whether or not there was a marriage between these two plaintiffs and directed them many times that if they conclude there was no marriage between them there can be no recovery on the part of Joseph Ferrara, and that it should be considered in no way in determining the weight to be given to the evidence of the other plaintiff." Which, in the light of the evidence, was as fair a presentation of that proposition as the defendant could expect. That issue was clearly defined. The testimony was conflicting, and the jury alone could dispose of the disputed facts.

The other proposition was, that the testimony was not sufficient, in describing the sudden start of the train, to meet the requirements of our decisions. Joseph Ferrara testified, "I got my wife and put her on the last car and turned around to get my suit case. The conductor gave a signal to the engineer to go and he went, and as he started his engine, the jerk of the car threw my wife off. I cannot describe the jerk in any other way than just a jerk that threw her off." The wife testified, "I got up on the top step and the train seemed to go. The conductor started to holler 'hurry up. Get on here.' I did not want to walk in because I was on the top step and the train started to go. I turned around to see if my husband was coming in. It started with a jerk, it made an awful funny jerk. I do not know how it started. It just threw me off. It threw me to the platform. I did not start to go in the car. They did not give me any time

to step in the car. I stood on the platform in the meantime. I think the conductor was pretty cranky with me. I have not got anything against him." While the words "a sudden jerk" and "awful funny jerk" standing alone would not be sufficient to warrant a recovery, yet, when used in describing the consequences of the jerk, which she says resulted in throwing her off from the top of the steps of the car to the station platform, would reasonably indicate that it was not only sudden, but so violent as not reasonably to be anticipated. The jury ascertained the severity of the jolt, by the result which followed, and thus gave to the general descriptive language proper interpretation and effect. If her testimony was believed, there was sufficient to warrant the finding that Mrs. Ferrara was thrown from the train as a direct result of this sudden, violent and unexpected start, and that the defendant company was guilty of a negligent operation of its train. The defendant's testimony placed the duty of explanation and justification upon it, which burden it did not meet in the light of the verdict: Kleine v. Pittsburgh Ry., 252 Pa. 214; Diffenderfer v. Penna. R. R. Co., 67 Pa. Superior Ct. 187. Proof was adduced in positive denial of the plaintiffs' testimony as to the manner of starting the car, and this controversy could only be disposed of by the jury: Goodhart v. C. & M. E. Ry. Co., 36 Pa. Superior Ct. 441; Donnelly v. B. & L. Traction Company, 40 Pa. Superior Ct. 110; Cahill v. P. R. T. Co., 52 Pa. Superior Ct. 561.

After a careful review of the record, we are satisfied that the case was fairly tried in the court below, and there is no such reversible error shown as to warrant a reversal.

The judgment is affirmed.