S. S. McKENNEY ET AL. v. T. FAWCETT ET AL.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued October 31, 1890—Decided November 10, 1890.

The order of the court below discharging a rule for a new trial is not re-
viewable on error or appeal to the Supreme Court.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-
COLLUM and MITCHELL, JJ.

No. 188 October Term 1890, Sup. Ct.; court below, No. 590
September Term 1888, C. P. No. 1.

On August 6, 1888, a summons was served in an action of
assumpsit brought by Samuel S. McKenney and Viola, his wife,
in right of said wife, against Thomas Fawcett and Henry Lloyd.
Issue.

At the trial on April 28, 1890, evidence was adduced upon
which the plaintiff claimed to recover one fourth the value of
stock, materials and tools upon a leasehold of a steel furnace,
put into the possession of the defendants by the plaintiffs under
an optional sale and purchase thereof, which stock, etc., the de-
fendants had sold. It was shown that the optional contract of
sale was entered into in writing in January, 1882, possession
given, and the terms of the contract extended from time to time
until June 17, 1882, when a final agreement under seal, cancel-
ing the option and dividing the stock on hand, materials and
tools among the parties, was made. The defendants admitted
that they had sold the stock, materials, etc., but alleged that,
notwithstanding the terms of the agreement and its extensions
and the final agreement of June 17, 1882, it was verbally agreed
between the plaintiff S. S. McKenney and defendants to carry
on business at the steel works as a partnership, under the name
of the Glendon Steel Company, Limited, and that, during all
the time covered by the said agreement and its extensions, the
defendants and the said plaintiff operated the said works as
partners. They further alleged that the copartnership was

Charge of Court below.

indebted beyond the amount of its assets, and that the said plaintiff had agreed that the stock, materials and tools should be sold and the proceeds applied to the payment of said debts. This was denied, however, by the plaintiffs, who alleged that no agreement existed between them and the defendants other than that expressed in the written contracts submitted, and claimed to be entitled to a verdict for at least $6,000.

At the close of the testimony, the court, COLLIER, J., instructed the jury, answering the plaintiffs' points presented as follows:

1. That whether or not a partnership existed between plaintiff and defendants between the date of the first option and the agreement of June 17, 1882, is wholly immaterial, unless the jury find that after the execution of the agreement of June 17, 1882, the plaintiff agreed that his one fourth of the property on hands should be applied first to the payment of the debts of that corporation.

Answer: Affirmed.

2. That the burden of proof is upon the defendants to satisfy the jury that after the execution of the agreement of June 17, 1882, plaintiff agreed that his one fourth of the property on the premises should be applied, with the other three fourths to the payment of the indebtedness of the partnership alleged to have existed between the parties, pending the option in evidence.

Answer: Affirmed.

—The jury returned a verdict for the plaintiffs for $6\frac{1}{4}$ cents. A rule for a new trial having been discharged without opinion filed, the plaintiffs took this appeal, assigning for error:

" 1. The action of the court in refusing a new trial in this case was not the exercise of a sound judicial discretion.

" 2. The verdict of the jury being for the plaintiff, in effect was a finding that his rights were to be determined under the terms of the agreement exhibit A, and the indorsement thereon of June 17, 1882; and the value of the stock and materials referred to in the indorsement of June 17, 1882, so far as actually sold by the defendants, being sworn by the defendants themselves to be, say $24,000, on no theory of the case could the verdict for the plaintiff be less than $6,000 and interest, and no such discretion was vested in the court as would justify it in sustaining a verdict for $6\frac{1}{4}$ cents."

Syllabus.

*Mr. John S. Ferguson* (with him *Mr. L. C. Barton*), for the appellants.

As to the discretion of the court below, counsel cited: Knox v. Flack, 22 Pa. 337; Dorrance v. Scott, 3 Wh. 309; Commonwealth v. Bartilson, 85 Pa. 482; Pollard's Petition, 127 Pa. 507; Rex v. Wilkes, 4 Burr. 2527; Seymour v. Delancy, 3 Cow. 445 (15 Am. Dec. 270); Schlaudecker v. Marshall, 72 Pa. 203; Christine v. Whitehill, 16 S. & R. 98.

*Mr. Geo. P. Graver* (with him *Mr. D. T. Watson*), for the appellees.

Counsel cited: (1) Mostyre v. Coles, 7 H. & N. 872; Coyle v. Gorman, 1 Phila. 326; Ralston v. Cummins, 2 Y. 436; Whitely v. Billington, 17 W. N. 254; Jordan v. Meredith, 3 Y. 318; Todd v. Jones, 1 Phila. 45; Allen v. Sawyer, 2 P. & W. 325; (2) Werkheiser v. Werkheiser, 6 W. & S. 184; Gray v. Commonwealth, 101 Pa. 384; McClain v. Commonwealth, 110 Pa. 263; Howser v. Commonwealth, 51 Pa. 332; Burkholder v. Stahl, 58 Pa. 371; Thompson v. Barkley, 27 Pa. 265.

PER CURIAM:

The only error assigned is that the court below refused to grant a new trial. That such refusal is not reviewable here, is too well settled to need the citation of authority. "Let us have peace."

　　　　　　　　　　　　　　　　Judgment affirmed.