# Richardson *v.* Flower, Appellant.

*Negligence—Automobiles—Master and servant—Defective tire —Notice to owner—Injury to chauffeur—Assumption of risk— Court and jury—New trial.*

1. In an action by a chauffeur to recover damages sustained while replacing a punctured tire on the wheel of his employer's automobile by reason of an alleged defect in the iron retaining ring which blew out while the tire was being pumped by plaintiff, where the evidence as to whether the owner had notice of such defect and had promised to correct it was conflicting, the question of assumption of risk was for the jury, and where opposing counsel agreed that there was no question of assumption of risk in the case and the trial judge agreed to disregard such question in his charge, and after verdict for plaintiff, the court, in considering defendant's motion for judgment non obstante veredicto, treated such question as the controlling one in the case, a new trial was awarded on appeal.

*Practice—Supreme Court—Issue tried in court below—Agreement as to issue.*

2. A party will not be heard to question the correctness of the submission of a case after the court has submitted it from the standpoint in which both parties to the issue manifestly tried it. The Supreme Court reviews only questions considered and determined in the court below, and will not convict a trial court of error in not having ruled the case on a question which both parties concede was not in it.

Argued October 22, 1914. Appeal, No. 128, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., July T., 1912, No. 2556, on verdict for plaintiff in case of John B. Richardson v. William S. Flower. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for personal injuries. Before SHAFER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $7,500 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing to direct a verdict for the defendant and in refusing defendant's motion for judgment n. o. v.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.

*Don Rose,* with him *Obed K. Price,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1915:

This is an action of trespass brought by a chauffeur to recover damages which he alleges he sustained while replacing a punctured tire on the wheel of his employer's automobile. The tire on the defendant's machine was held in place by a band or ring with a clutch at each end which was intended to pass into a hole in the rim of the wheel, and to be held there by a projection on the clutch or lug, when air was put in the tube by the expansion of the tube itself against the band. The chauffeur had difficulty in making the clutch stay in the hole provided for it. He alleges that he notified his employer there was something wrong with the wheel, and that it ought to be examined by an expert who knew something about a ring, and his employer replied that he did not wish to make any repairs to the wheel as he intended to get a new car. After putting the tire on and getting the ring in place, the chauffeur applied air from a charged vessel kept for that purpose, when the ring flew back and struck him in the face, injuring him severely. This action was brought to recover damages for the injuries he sustained.

The defendant denies that the wheel was defective, or that the chauffeur notified him that it was defective, and alleges that the injuries received by the chauffeur resulted from his own negligence. During the charge, after the court had submitted the other questions in the case to the jury, the learned judge asked counsel if

they thought there was any question of assumption of risk in the case, to which both counsel replied in the negative. The court agreed with counsel, and stated that as there was no such question in the case, he would say nothing about it in the charge. The defendant's counsel presented a point requesting binding instructions which was refused. There was a verdict for the plaintiff, and the defendant's counsel moved for judgment non obstante veredicto, which motion was also refused. Judgment was entered on the verdict, and the defendant has taken this appeal.

The defendant now raises the question of assumption of risk, and the greater part of his printed brief is devoted to sustaining that position. He contends that under the evidence in the case if the rim of the wheel was defective, the chauffeur knew the fact and by continuing his work with such knowledge he assumed the risk or hazard arising from the defect. He further claims that if it be conceded notice of the defect was given by the chauffeur to the defendant, that no assurance or promise was made by the latter that the defect would be remedied, and, therefore, the notice did not protect the chauffeur from the risks incident to the service. The plaintiff denies the right of the defendant to raise the question now because the case was not defended on that ground in the court below, and claims, as the record shows, that defendant's counsel concurred with the court in its conclusion that the doctrine of assumption of risk was not in the case.

It is familiar practice, recognized and enforced by this court that a party will not be heard to question the correctness of the submission of a case after the court has submitted it from the standpoint in which both parties to the issue manifestly tried it. This court reviews only questions considered and determined in the court below. We will not convict the trial court of error in not having ruled the case on a question which both parties concede was not in it. If that was the situation here

we would certainly decline to consider the question of assumption of risk by the defendant now argued so strenuously by his counsel.

The plaintiff testified that in a conversation he told the defendant he did not know whether the rim was dangerous or not, but there was something the matter with the rim, and that it ought to be looked at by an expert who knew something about rims. He also testified that at the time he had this conversation with the defendant, the latter assured him that the rim was all right, and said that he was not going to use the machine very long as he had ordered a new car, and would get rid of this one. This is substantially the evidence on which the plaintiff relies to relieve himself from the assumption of risk in replacing the punctured tire on the wheel at the time he received his injuries. In refusing the motion for judgment non obstante veredicto, the learned trial judge says in his opinion that whether the defendant's statement that he would not repair the machine but would get a new one to take its place is tantamount to a promise to repair the defect is one of the two serious questions in the case. The learned judge ruled the question against the defendant, holding that the defendant's declaration to the chauffeur that he was not going to use that machine very long and was going to get a new one was equivalent to a promise to repair the old one, provided the promise to supply the new one was a promise to supply it within a reasonable time or such time as under the circumstances would be a reasonable time for the owner to repair. He therefore, held that the chauffeur by continuing in the defendant's service did not, under the circumstances, assume the risks incident to the service with the defective machine. This undoubtedly is a controlling question in the case, but it is not a question of law for the court. The defendant testified that he had no such conversation with the plaintiff, that his attention was never called to the alleged defect, and, what is natural

and quite reasonable, that he would not have endangered the lives of his family with a car that had a defective front wheel. The testimony clearly raised a question of fact which could only be decided by the jury under proper instructions by the court. It was for the jury to determine what conversation, if any, did take place between the parties, what was said, and the inferences to be drawn from what was said by them, and whether the chauffeur relied on his employer's statement that he did not intend to use the machine very long and was going to get a new one. These were facts and inferences to be drawn from them which were wholly for the jury and not for the court. If, therefore, the question of assumption of risk was, as the learned court now properly regards it, a controlling question in determining the liability of the defendant and hence in disposing of the motion for judgment notwithstanding the verdict, it was a question of fact to be dealt with by a jury, and the court could not rule the motion by determining the question as a matter of law. This court is likewise without authority to review the action of the trial court in determining the question of fact, and it is apparent therefore, that in the present condition of the record, we should not sustain the judgment entered by the court below.

If we should disagree with the learned court below and be of opinion that the defendant's language did not amount to a promise to repair the defect in the rim, or that the plaintiff did not continue the service because he relied on his employer's promise to make the repair, and reverse the judgment, we would likewise be determining a question of fact which clearly we have no right to do.

We regret to have to send this case back for a new trial, but it is apparent that the condition of the record requires it to be done. It would be unjust to sustain the defendant's contention and determine the question of assumption of risk as a matter of law after it had been

withdrawn from the jury by his agreement that it was not in the case. We cannot sustain the plaintiff's contention that assumption of risk is not in the case, when the court very properly regarded it as of controlling importance. We must, therefore, set aside and vacate the judgment, and remit the record for a new trial. The case is an important one, not only to the parties directly interested, but, in view of the great number of automobiles now in use, to the public generally. On the next trial the evidence should show the usual and ordinary duties of a chauffeur, what, as such, the plaintiff did while in the service of the defendant, what knowledge a chauffeur should have of the mechanism of an automobile, and whether his duties require him to be sufficiently familiar with it to discover defects in the machine similar to the one alleged to have existed here, and the consequent danger, if any, to a competent chauffeur replacing a tire under the circumstances. If a servant's injuries result from his own incompetency, no liability attaches to the master. The jury should not be confused on the next trial by permitting the witnesses to use interchangeably the names of the different parts of the wheel. It is frequently very difficult in reading the testimony sent up with the record to determine what the witness refers to, whether the ring, the rim, the channel, etc. The facts bearing on the controlling questions in the case should be more fully developed, especially on the question of the plaintiff's contributory negligence. What position was the plaintiff in when he was struck by the ring, how far was he from the wheel, did he see the ring moving outward before he attempted to turn off the air, where was the air tank, etc.? If counsel desire specific rulings of the court on the law applicable to the facts, as disclosed by the testimony, on any question involved in the case they should present proper requests for instructions.

The judgment is vacated and a new trial awarded.