# Weiskircher *v.* Connelly, Appellant.

*Promissory notes—Noninterest bearing notes—Refusal to pay— Recovery of interest.*

1. If on the maturity of a note which does not by its terms bear interest, the maker or endorser thereof refuses payment, and denies liability, the holder is entitled to interest from the date of demand and refusal.

*Practice, Supreme Court — Appeals — Question on appeal not raised at trial.*

2. When a case is brought to the Supreme Court on appeal, it is to be considered on the theory on which it was tried in the court below, and that alone.

3. Where on the trial of an action on a promissory note, the defense raised was lack of consideration in that the note was for plaintiff's accommodation, and a counterclaim, defendant cannot on appeal after a verdict for the plaintiff raise the question of illegality of consideration, although such question may have been unsuccessfully argued in support of a motion for a new trial in the court below.

4. Where in an action on a promissory note, defendant denied liability alleging that the note was made for plaintiff's accommodation and was without consideration, and sought to recover from plaintiff by way of counterclaim, and the case was tried on the issues thus defined, and resulted in a verdict for plaintiff, the defendant could not successfully urge on appeal that the consideration for the note was illegal because transgressive of public policy, no such question having been raised at the trial of the case; it was not material that this question was unsuccessfully raised in support of a motion for a new trial, and an assignment of error complaining of the refusal of the court to grant a new trial was overruled.

Argued Oct. 12, 1916.  Appeal, No. 103, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 692, Docket "D," on verdict for plaintiff, in case of W. O. Weiskircher v. Joseph A. Connelly. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.  Affirmed.

388    WEISKIRCHER *v.* CONNELLY, Appellant.

Assumpsit on a promissory note. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,255 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury and in refusing a new trial.

*John C. Banc,* with him *Oliver K. Eaton,* for appellant.

*A. M. Neeper,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 5, 1917:

The action was brought to recover on a promissory note drawn by the defendant and payable to the order of the plaintiff in the sum of three thousand dollars, bearing date December 14, 1908, and payable March 4, 1909. In the affidavit of defense filed the execution and delivery of the note were admitted, but liability thereon was denied, and it was there averred that the note was made and delivered to the plaintiff at the latter's request and for his sole accommodation; and further that the plaintiff was indebted to the defendant in the sum of one thousand dollars, on account of money loaned him by the defendant, for which indebtedness the latter would claim a certificate upon trial of the case. A reply to this counterclaim was made in which a consideration for the note was alleged and liability for the counterclaim was denied. The case was tried on the issues thus defined, and resulted in a verdict for the plaintiff for the full amount of his claim. A motion for a new trial followed which was simply a renewal of the contention that the note recovered upon was without consideration sufficient in law to sustain the plaintiff's claim, but for very different reason than that urged upon the trial, namely, that the consideration was illegal because transgressive of public policy. A new trial having been refused, this appeal was taken. The assignments of error are five in

number. Without prejudice they may be resolved into two: (1) the instruction of the court that if the finding was in favor of the plaintiff interest could be allowed from the maturity of the note; and, (2) the refusal of the motion for a new trial. The note in suit was the last of several renewals of an original note in a much larger amount which was not interest bearing before maturity. The renewal notes, including the note in suit, were of like tenor, and upon none of them had interest been calculated. The learned trial judge very correctly held that while the note in suit did not by its terms bear interest, if, on its maturity the defendant refused payment and denied liability thereon—facts which were found by the jury in its favor—the plaintiff was entitled to interest from date of demand and refusal. This assignment is without substance. The remaining assignment might well be dismissed on the ground that abuse of discretion on the part of the court in refusing a new trial is not charged, and therefore the refusal is not a matter that can be assigned as error. It is not for us to inquire into the facts: McKenney et al. v. Fawcett et al., 138 Pa. 344. The whole purpose in the motion for a new trial seems to have been to raise a question as to the legality of the consideration, a question not raised or even suggested on the trial. As testified to by the plaintiff himself the consideration was the purchase by plaintiff's father, through the procurement of the plaintiff, of a certain property which because of its location was supposed to be especially suitable for the conduct of a saloon, and the leasing of the same to the defendant, conditioned on his obtaining a license to sell liquor therein. The fact that no such point was raised on the trial would of itself have justified a summary dismissal of the motion, since it is a well settled rule of practice that when a case has been tried, submitted and decided upon a certain theory, it is too late to advance another which might have been, but was not, put forward at the trial. The learned trial judge, however, was indulgent enough to hear coun-

sel at length in support of their motion, and file an opinion in which he discusses the merits of their contention. All this, however, forms no part of the record and is therefore not the subject of review here. Discussion of the question raised by this assignment would be out of place for the reason that when a case is brought here on appeal it is to be considered on the theory it was tried on in the court below, and that alone. Error may not be alleged in the appellate court on different grounds from those taken in the court below.

The assignments of error are overruled and the judgment is affirmed.