# Ferrara *v.* West Jersey and Seashore Railroad Co., Appellant.

*Negligence—Carriers—Damages—Husband and wife.*

A common carrier is responsible for medical and hospital aid furnished to a person injured by reason of its negligence, where the aid was furnished and the action brought by a plaintiff under the bona fide impression that he was the true and lawful husband of the injured party, notwithstanding the fact that it was subsequently established, in a criminal proceeding against the wife, that a state of lawful wedlock did not exist.

When the plaintiff provided for such care, not as a volunteer, but under a mistake of fact, he should not in equity or good conscience be deprived of the right to be reimbursed.

*Practice, C. P.—Vacating judgment—Discretion of court.*

The action of the lower court in refusing to open judgment will be affirmed, where it appears the facts set forth in the petition were considered insufficient to warrant the granting of the request made

therein, and the court below was of the opinion that no injustice would be done by the execution of the judgment, and where there has been no abuse of the discretionary power of the court.

Argued October 20, 1919.  Appeal, No. 209, Oct. T., 1919, by defendant, from the order of Court of C. P. No. 2, Phila. County, Sept. T., 1916, No. 4294, discharging rule to vacate the judgment, set aside the verdict and grant a new trial in the case of Joseph Ferrara and May Ferrara v. West Jersey and Seashore Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREX-LER and KELLER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The facts appear in the opinion of the Superior Court.

*Error assigned* was the denial of the prayer of defendant's petition to vacate the judgment, set aside the verdict and grant a new trial.

*Francis B. Biddle,* and with him *Sharswood Brinton,* for appellant.—The courts of Pennsylvania have equitable jurisdiction in opening judgments entered as a result of fraud: Cochran v. Eldridge, 49 Pa. 365; Fisher v. Hestonville, etc., Ry. Co., 185 Pa. 602; Wickle v. Mertz, 49 Pa. Superior Ct. 472; Friedland v. Altoona, etc., Ry. Co., 65 Pa. Superior Ct. 433.

*Henry J. Scott,* and with him *Albert T. Hanby,* for appellee.

OPINION BY HEAD, J., February 28, 1920:

The appellant filed its petition in the court below praying for an order to vacate and set aside a certain judgment of record in that court, as well as an order awarding a new trial of the issue, the trial of which resulted in the judgment referred to.  A formal answer was filed and

after consideration of the petition and answer and of the facts disclosed therein, the court below discharged the rule that had been granted and dismissed the petition. From that order this appeal was taken.

From the record the following facts appear: Joseph Ferrara and May Ferrara brought an action of trespass in the court below to recover damages for personal injuries sustained by the said May Ferrara by reason of the negligent operation of one of defendant's trains. It was averred in the statement of claim that plaintiffs were duly married and, therefore, joined in one action in accordance with the provisions of our statute upon the subject. The trial resulted in separate verdicts in small sums for each of the parties and separate judgments in their favor followed. Upon appeal to this court Ferrara v. Railroad, 71 Pa. Superior Ct. 290, the judgments were affirmed.

On the trial of the case the defendant offered some proof, challenging the averment in the statement that plaintiffs were married. The trial judge submitted that question in a proper charge and the jury disposed of it by their verdicts for the plaintiffs. Later on an information was made against both of the parties plaintiff in the action referred to charging them with having committed perjury in testifying that the marriage relation existed between them. Indictments were found and tried and both of the defendants therein were convicted. Upon consideration of a motion for a new trial on the part of Joseph Ferrara, the present appellee, the court below was not satisfied the evidence produced warranted the conclusion he had wilfully sworn falsely and the verdict of guilty as to him was set aside, and a new trial was granted. As a result of that trial he was acquitted and so the record stands.

These matters affected not the right of the plaintiff May Ferrara to recover, because she sued on account of the injuries suffered by herself and her right to recover in no way rested upon the existence of the marriage state.

The judgment in her favor could not be attacked on the theory it had been brought about by the alleged perjury and, therefore, it remained unassailed.

The question we now have before us is whether the learned court below was guilty of such a manifest abuse of discretion in refusing to vacate the judgment in favor of Joseph Ferrara as to demand a reversal of the order by the appellate court.

It is too late to doubt the power of a court to purge its records of judgments or decrees resting on fraud or perjury. The exercise of such power is but the exercise of the right of self-defense and is abundantly sustained both by reason and authority. It would naturally be expected that the courts themselves would be jealous of the purity of their own judgments and vigilant in the exercise of every power necessary to keep them untainted. Where they are not moved to act, it must be a clear case in which the exercise of the wide discretion with which they are clothed will be reviewed by an appellate court. The attitude of the appellate courts in such cases is well stated by Mr. Justice Dean in Gazzam v. Reading, 202 Pa. 236: "We, therefore, start with the assumption, that the trial judge who heard fully the whole case, as well as the motion for a new trial, sitting, as appellant argues, as a chancellor, in equity, in the exercise of discretion, considered the petition insufficient to warrant him in setting aside, not only his own judgment entered on the verdict of a jury, but a judgment of this court. While his decree is not conclusive upon us, yet it certainly has persuasiveness."

Now, it is established that May Ferrara suffered personal injuries by the negligent operation of the train of the present appellant company. The amount of money expended by her or for her in the payment of doctors' bills, hospital bills and the like, the defendant was legally liable to pay as part of the compensation for the injury she had suffered. At the time of her injury she was living with the present appellee openly as his wife. She

went by his name; she was the mother of his child.  As he testified, she had gone through the marriage ceremony with him and he had apparently every reason in the world to regard her as his wife and to assume all of the obligations which the law would impose upon him as her husband.  True, as it was afterwards made to appear, she had been previously married and her husband was still living.  She was, therefore, incompetent to contract a marriage with this appellee and by reason of that incompetency, his relation with her was outside the sanction of the law.  Had the fact been as he supposed it to be, it would have been not only his right, but his duty to provide for her medical and hospital aid in order to lighten the consequences of the injury she had wrongfully sustained at the hands of the defendant's employees.  Under these circumstances, we cannot regard him as a mere volunteer in doing for her what the petitioner company should have done.  The amount he expended for her benefit was legally ascertained and its expenditure was in relief of an established liability of the railroad company.  In justice, the company owed that money to her or to the person who furnished it for her.  As he acted not as a volunteer but, upon a mistake of fact, we see nothing that in equity or good conscience ought to deprive him of the right to be reimbursed.  The judgment in his favor rests on no wrong done by him.  As to it May Ferrara was but a witness.  This court said in Shanahan v. Ins. Co., 6 Pa. Superior Ct. 65: "It does not necessarily follow that the perjury of a witness can be made a ground for equitable interference even though not discovered until after the trial, and whether or not this should be done is largely a matter of discretion with the trial judge": Friedland v. Ry. Co., 65 Pa. Superior Ct. 437.  It may quite well be the appellee could not have recovered in that particular action on any other theory than that a marriage relation existed between the parties but, it does not by any means follow that he might not have recovered in a separate action.  We are not to be

understood as declaring as a matter of law that he could so have recovered, because there is nothing here in this record to warrant any judicial determination of that question. But, it is to be remembered that a judgment has gone in his favor and against the present petitioner and the latter was unable to convince the court below that any injustice would be done to it by the execution of that judgment. This court is of the same opinion and, believing, that no injustice has been done, and recognizing that the order of the court below should not be reversed except for a plain and palpable abuse of its discretionary power, we find ourselves unable to interfere with the disposition of the question made in the court below.

The appeal is dismissed at the cost of the appellant and the order or decree of the court below is affirmed.