## Orga et vir *v.* Pittsburgh Railways Company et al.

Argued May 1, 1944. Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

*Leo A. Nunnink,* with him *J. R. McNary,* for appellants.

*Edward O. Spotts, Jr.,* with him *Samuel G. Alter,* for appellees.

OPINION BY KELLER, P. J., July 15, 1944:

The plaintiff, Sara Orga, five weeks before her marriage to Christ Orga, the other plaintiff, was severely injured while a passenger in one of defendant's street cars, through the negligence of the motorman, without any fault on her part.

She was then engaged to be married to Christ Orga and went ahead with the ceremony notwithstanding her serious injuries.

She and her husband brought this action of trespass claiming damages (1) for the wife for her pain and suffering, her loss of earnings and the permanent impairment of her earning power, and (2) for the husband for the loss of the society, service, consortium and earnings of his wife and for the money expended by him for her medical, surgical, and hospital treatment, operations and nursing, and for attendance and extra help in connection with the household.

The case was duly placed at issue, came on before the pre-trial court, was duly listed for trial and tried on October 28 and 29, 1943, resulting in a verdict for the wife plaintiff of $1,122.50, and for the husband, $1,176.45.

The case was not contested on the merits by the defendants, the only witnesses called by them being two physicians who testified as to the wife plaintiff's injuries and her physical condition.

The defendants filed a motion for a new trial, assigning as reasons, that the verdict was (1) against the weight of the evidence, (2) against the law, (3) against the charge of the court, and (4) was excessive, (5) that the testimony of two of plaintiffs' physicians as to plaintiff's physical condition was in conflict, and (6) that the court erred in refusing to withdraw a juror and continue the case when the wife plaintiff fainted on the witness stand.

The trial judge in his charge to the jury had commented on the fact that the husband plaintiff had married the wife plaintiff a short time after the accident and said there might be some question as to what the wife and the husband would be entitled, with reference to certain elements of damage, but that he would present them in a way that would simplify the matter and if counsel wished him to break it down they could so indicate.

Briefly summarized, he instructed them that the wife

would be entitled to be compensated for any loss of earnings that she had sustained *down to the time of her marriage;* and to compensation for the pain, suffering and inconvenience which she endured as a result of the accident, as to which they were to consider and decide whether the injury was continuing or had terminated.

The husband, he told the jury, would be entitled to a verdict for all the reasonable expenses incurred for the wife as a result of the accident; and also to compensation for the loss of services of his wife—"and that, of course", he said, "would be after the time he married her, not before. That would involve the aid, comfort, and society that the wife would be accustomed to give her husband of which he was deprived because of the accident."

The court asked counsel if they had any corrections or additions to suggest, and they both replied that they had none. No exceptions were taken to the court's charge by defendants' counsel.

As before pointed out, in the motion for a new trial, counsel for defendants raised no objection to the charge of the court on the question of damages, or to the theory on which the parties had tried the case.

The court discharged defendants' motion for a new trial and judgments in accordance with the verdicts were duly entered. Defendants appealed to this court.

On Monday, April 24, one week before the oral argument, defendants' counsel served his paper book, brief and record, on the appellees' counsel, and the latter then discovered that the appellants, for the first time, were questioning the right of the husband plaintiff to recover any damages, because he had married the wife plaintiff five weeks after the accident; and that they presented no question on appeal that had been raised on the trial of the case or on the argument of the motion for a new trial.

The appellees moved to quash the appeals on the ground that the statement of questions involved presented no matter or question raised or argued in the court below.

At the oral argument appellants' counsel stated that he did not press the appeal from the wife's judgment.

The verdict in favor of the husband did not separate the amount awarded for expenses paid or incurred on his wife's behalf—which were considerable under the evidence—from the compensation for the loss of her services, etc. as his wife. As to the former, we have no doubt of the right of the husband to reimbursement. After the marriage the husband became responsible for the payment of the expenses of the medical, surgical and hospital treatments, nursing, etc., thereafter furnished his wife, and could recover it in the single action which under the Act of May 8, 1895, P. L. 54, 12 PS §1621, he was obliged to bring with his wife: *Ferrara v. W. J. & Seashore R. R. Co.*, 73 Pa. Superior Ct. 505, 509. He was not a volunteer. His responsibility was imposed by the law. As to compensation for the loss of his wife's services, there is very respectable authority in other jurisdictions to support a verdict for that, too: *Radley v. LeRay Paper Co.*, 214 N. Y. 32, 108 N. E. 86; *Rademacher v. Torbensen*, 169 Misc. R. 1030, 9 N. Y. Supp. 2d 162. But we need not decide that matter, for we are of opinion that the appellees' motion to quash should prevail. The rule is that issues presented on appeal to the appellate courts must be limited to those raised in the court below: *Mayer v. Chelten Ave. Building Corp.*, 321 Pa. 193, 195, 183 A. 773; *Levy's Est.*, 307 Pa. 522, 161 A. 740; *Weiskircher v. Connelly*, 256 Pa. 387, 389-390, 100 A. 965; *Richardson v. Flower*, 248 Pa. 35, 93 A. 777; *Kramer v. Pittsburgh Coal Co.*, 341 Pa. 379, 19 A. 2d 362; *Armstrong & Latta v. City of Philadelphia*, 249 Pa. 39, 43, 94 A. 455; *Salonic v. Weiswasser*, 82 Pa. Superior Ct. 279, 281.

No injustice is done the appellants by this course, for under the theory on which the case was tried, by both parties, the wife plaintiff was only permitted to recover for the loss of her probable earnings down to the date of her marriage, that is, for five weeks after the accident. If the point first raised in this court had been presented in the court below at the trial, and the court had been impressed by it, the wife's recovery for loss of earnings would not have been limited by her marriage date. Certainly her marriage should not have the effect of relieving the defendants of liability for any damages resulting from her loss of earnings and earning power due to the negligent act of its motorman.

This exemplifies the wisdom and justice of the rule as stated above. No issues raised or argued in the court below were here presented as ground for reversal.

The appeals are quashed.