## Hereda et vir *v.* Lower Burrell Township, Appellant.

Argued April 15, 1946. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Carroll Caruthers,* with him *Albert S. Yoder,* for appellant.

*D. J. Snyder, Jr.,* with him *Kunkle, Trescher & Snyder,* for appellees.

Opinion by Rhodes, J., July 19, 1946:

This case arises from an alleged act of eminent domain. It was tried in the court below before a jury on that theory. A verdict was rendered in favor of plaintiffs, and defendant has appealed from the judgment.

The facts have been established by the verdict. Plaintiffs are the owners of a tract of land located in Lower Burrell Township, Westmoreland County. It was purchased by them in three parcels in 1933 and 1936. The improvements on the land consist of two brick buildings, one used as a dwelling house and the other for business purposes. In 1937 appellant opened as a public

road a private street which was contiguous to plaintiffs' property. This was designated Hill Street. Subsequently the supervisors of appellant township placed a ten-inch terra cotta or tile conduit under Hill Street running from the east side to the west side thereof and towards plaintiffs' property which lies below and slopes abruptly from Hill Street. Prior to the opening of the public road a ditch ran the entire length of the eastern or upper side of Hill Street which took care of the drainage water and sewage without any flooding of plaintiffs' property. When the terra cotta pipe failed to carry all the water and sewage from the east to the west side of Hill Street, appellant replaced this pipe with an eighteen-inch steel pipe which was placed on top of the ten-inch pipe. The ditch which was located on the east side of Hill Street and which normally carried the water down that street was closed by appellant and the water and sewage were diverted through the steel pipe to the west side of Hill Street and thence on to plaintiffs' property. At the western end of the eighteen-inch pipe a ditch was dug about three feet in depth, fifty-five feet long, and approximately two feet across which ended on plaintiffs' property. Until the eighteen-inch pipe had been placed by appellant, plaintiffs were unaffected by water or drainage from the street or by sewage from the dwellings located on Hill Street. The flooding of plaintiffs' property began immediately after the placing of the eighteen-inch pipe by appellant. After this pipe had been placed and the ditch dug by appellant, plaintiffs' property was frequently flooded, and it was often necessary to have the water pumped from the cellars of the buildings. In 1941 plaintiffs petitioned for the appointment of viewers to assess the damages caused them by appellant. No damages were awarded plaintiffs by the viewers. Plaintiffs appealed to the court of common pleas. Judgment was entered upon the verdict after appellant's motions for new trial and for judgment n. o. v. were denied.

Appellant has presented a number of questions which were not considered at the trial of the case or raised in the court below. It is well settled that a case will not be reviewed by an appellate court on a different theory from that on which it was tried in the court below, nor will questions other than those presented for determination at the trial be considered on appeal. *Weiskircher v. Connelly,* 256 Pa. 387, 389, 390, 100 A. 965; *Schmitt v. William G. Johnston Co.,* 136 Pa. Superior Ct. 213, 220, 7 A. 2d 131.

We find nothing in this appeal that requires extended discussion. Appellant concedes that for plaintiffs to recover for the alleged injury to their property the injury must have been the direct, immediate, necessary, and unavoidable consequence of appellant's action; but contends that any injury to plaintiffs' property was not caused by the improvement made by it. As appears from the recital of the facts, consummation of appellant's drainage plan necessarily resulted in injury to plaintiffs' property. By appellant's act the water and sewage were accumulated and diverted in bulk into an artificial conduit and a channel and then discharged in volume on plaintiffs' land where it would not otherwise have been discharged. Appellant was liable for the resulting injury, although plaintiffs were under servitude of receiving the natural drainage. *Morton et al. v. Dormont Borough,* 334 Pa. 283, 5 A. 2d 803. In *Torrey v. City of Scranton,* 133 Pa. 173, at page 180, 19 A. 351, it was said: ". . . I do not understand that it has ever been held that a municipal corporation may throw a body of water upon the property of one of its citizens which would not naturally have flowed there." This statement has been consistently recognized. It summarizes what has happened in the present case, and the resulting legal principle is applicable. The testimony establishes and the jury found that prior to the diversion of water and sewage upon plaintiffs' property by closing the previously existing ditch, and the installa-

tion of an eighteen-inch steel pipe to carry the water and sewage accumulated from the east to the west side of Hill Street, the property of plaintiffs had not been affected by any concentrated discharge. Subsequently plaintiffs' land and buildings were frequently flooded, and it was necessary that the accumulations be pumped from the cellars of the buildings. We think such injury may be said to be the direct, immediate, necessary, and unavoidable consequence of the exercise of appellant's conferred power, and for such an act appellant's liability is absolute.

The evidence was clearly sufficient to sustain the verdict. In some respects the evidence was conflicting and was therefore for the jury. In the first place, there was testimony that the damages were the direct, immediate, necessary, and unavoidable consequence of appellant's action in carrying out its drainage plan. *Fyfe v. Turtle Creek Borough,* 22 Pa. Superior Ct. 292, 296; *Allentown's Appeal,* 121 Pa. Superior Ct. 352, 358, 183 A. 360. Secondly, there was testimony as to the value of plaintiffs' property both before and after appellant's act of eminent domain. The difference was as high as $4,000. Appellant now complains that no witness testified that the difference in value was $1,500, the amount of the verdict. Appellant's witnesses testified that there was no damage. We feel that the jury under the testimony properly exercised its discretionary power in arriving at its conclusion as to the extent of plaintiffs' damage. The fact that the testimony would have sustained a verdict in a much greater amount in favor of plaintiffs is no basis for appellant to assert that the verdict was against the evidence in this case. The verdict was for a sum which the jury considered fair and reasonable, and it was not necessary that it be for the highest or lowest amount testified.

Judgment is affirmed.