## Anderson v. Rogers

*Freedman, Landy & Lorry,* for plaintiffs.

*J. B. Hannum,* for defendant.

*J. F. Donohue,* for additional defendant.

ALEXANDER, J., December 18, 1959.—This is an action in trespass arising from an automobile accident in Philadelphia on April 21, 1956.

A motion has been filed on behalf of plaintiffs Wheeler to amend the amended complaint in order to substitute the name "Barnes" wherever the name "Wheeler" appears therein, and wherever it appears in the other pleadings in this case. Said motion was filed on August 4, 1959, and was argued before the summer court on September 8, 1959.

At that time, the court advised counsel for plaintiffs Wheeler, in whose names the motion was filed, to notify John Wheeler of the instant motion, the effect of which, if granted, would be to substitute plaintiff Pearline Wheeler's second husband, John Barnes, as a party plaintiff in place of the said John Wheeler who was divorced from Pearline Wheeler in the spring of 1957, subsequent to the filing of this action on March 5, 1957.

The court received a copy of a letter directed to John Wheeler by his and his former wife's counsel and has been advised that a second letter was sent to the said John Wheeler at another address, but that both letters, which attempted to notify him of the instant motion, were returned to said counsel undelivered. Although these notices were not received by John Wheeler, the court has been advised that every reasonable effort has been made to locate him and therefore is compelled to dispose of the instant motion without his knowledge thereof.

The issue raised is whether the proposed substitution of the second husband for the first is barred by

the applicable two-year statute of limitations: Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34.

In addition to the facts already stated, the following facts are pertinent to a determination of the issue: (1) That an amendment to the original complaint was filed on April 11, 1958, by stipulation of counsel and approval of the court and that said amendment included a cause of action on behalf of the husband-plaintiff of Pearline Wheeler, then Pearline Barnes, for medical expenses and loss of consortium; (2) that said amendment was filed within the two-year statutory period at a time when Pearline Wheeler was no longer married to John Wheeler; (3) that at the time of said amendment, Pearline Wheeler was married to the proposed substituted plaintiff, John Barnes, but that this fact was not known by counsel for either side until later, which resulted in the instant motion, filed some three years and three months after the accident, giving rise to this law suit.

Plaintiffs argue that the requested amendment of names is not tantamount to a new cause of action and that it does not bring a new party into the case.

To so find, the court would have to conclude that Pearline Wheeler's second husband, John Barnes, "inherited" a place in this action from the former husband, John Wheeler, when he married the said Pearline Wheeler in June 1957, and that the said John Wheeler "forfeited" his cause of action at the time of the second marriage of his former wife.

Defendants argue that the proposed substitution of husbands gives rise to a new cause of action which is barred by the statute of limitations and that John Barnes would be a new party to this action.

The court concludes that defendants' position in this matter is proper and that the proposed substitution of names is barred by the two-year statutory

period. See Nunamaker v. New Alexandria Bus Company, Inc., 371 Pa. 28 (1952) ; 4 Anderson, Pa. Civ. Pract., Author's Comment on Rule 2232, p. 379.

The authorities cited by plaintiff are not applicable to the facts presented herein. In Minkin v. Minkin, 336 Pa. 49, 53-54 (1959), the court permitted the substitution of the next friend of a minor by the minor's mother. Such is distinguished from this case because the party proposed to be substituted here has a wholly independent and separate cause of action from that of the original plaintiff-husband. The substitution in the Minkin case was merely a change of fiduciaries or guardians of the minor in whose behalf the action was brought. There the substitution allowed did not involve the introduction of an individual whose cause of action was separate and apart from that of the person in whose place she was substituted. Both the next friend's and mother's positions in that case rested upon the minor's action, whereas, in the case at bar the causes of action of the wife-plaintiff and those of her husbands, both former and present, although arising from the same factual background, are distinct and separate from each other: 4 Anderson, Pa. Civ. Pract., Author's Comment on Rule 2228, p. 309.

The cases of Waugh v. Steelton Taxicab Company, 371 Pa. 436 (1952), and Boyd v. Rager, 9 D. & C. 2d 660 (1956), are similarly distinguishable for they do not involve the introduction of independent and separate causes of action after the expiration of the statutory period. In those cases, as in the case of a substituted guardian, the new parties did not possess separate causes of action, nor separate defenses from the parties for whom they were substituted.

The case at bar presents the possibility of a unique circumstance. Had Pearline Wheeler informed counsel of the change in her marital status at the time when it

occurred or prior to the expiration of the statute of limitations, both the former and present husbands might have appeared in this case as parties plaintiff with separate causes of action for medical expenses and loss of consortium suffered by each while married to the plaintiff-wife and resulting from her alleged injuries caused by the alleged negligence of defendants. There does not appear to be any reason preventing such an inclusion of parties plaintiff if each of their actions were to be filed timely. See Orga v. Pittsburgh Railways Company, 155 Pa. Superior Ct. 82 (1944).

The amendment of the complaint by stipulation of counsel on April 11, 1958, was done without knowledge of the change in marital status. Therefore it cannot be argued that the said amendment intended to apply to anyone other than the plaintiff-husband of record in the case, John Wheeler.

Furthermore, since Mr. Wheeler has not been notified of this motion, nor advised of his rights in the matter, he cannot be stricken as a party plaintiff at this stage of the proceedings, and therefore he remains as such. Should he not appear to press his cause at the time of trial, then a motion to strike would be in order.

The court takes notice of the change in marital status of the former Pearline Wheeler and concludes that the instant motion should be granted as to her alone.

## Order

In accordance with the foregoing, it is hereby *ordered* that plaintiffs' motion to amend is *denied* as to the proposed substitution of the name "John Barnes" for John Wheeler, and that said motion is *granted* as to the proposed substitution of the name "Pearline Barnes" for Pearline Wheeler.