## Greger v. Canton Township

Before Sweet, *P.J.*, DiSalle and Gladden, *JJ.*

*Wayne Bradley*, and *Sikov and Love*, for petitioners.

*John Solomon, William D. Phillips, W. Bryan Pizzi, II*, and *Sandy W. Scichilone*, Special Assistant Attorney General, for respondents.

PER CURIAM, July 18, 1975—In March of 1973, plaintiffs filed a complaint at no. 6832 in equity, against Canton Township, the County of Washington, the City of Washington, and the Pennsylvania Department of Transportation, seeking injunctive relief as well as damages resulting from the alleged wrongful discharge of surface waters and sewage upon plaintiffs' property. Each of defendants filed preliminary objections to plaintiffs' complaint. In their briefs, the township, the city and the county argued that the court should dismiss the complaint for the reason that plaintiffs had an adequate remedy at law; namely, condemnation proceedings. Thereafter, on June 20, 1973, this court in an opinion handed down by Judge Simmons, with Sweet, P.J., and Marino, J., concurring, sustained defendants' preliminary objections to the equity action, holding that " . . . the remedy of the plaintiffs is a condemnation proceeding as provided by law."

Subsequent thereto, plaintiffs filed a complaint in trespass at March term, 1974, no. 381, against the township, the county and the city, alleging substantially the same facts as in the equity action.

Thereafter, plaintiffs filed a petition for the appointment of viewers against the Pennsylvania Department of Transportation, the city, the township and the county. On April 24, 1974, we directed the issuance of a rule on each of defendants to show cause why viewers should not be appointed. Each of defendants filed motions to dismiss the petition, and the matter was argued on July 2, 1974. Following argument, and pursuant to agreement of counsel for all parties, a conference was held before DiSalle, J., to determine whether the claims could be resolved. On July 3, 1974, Judge DiSalle issued an order, agreed to by counsel, that the court en banc would defer making any decision in either the trespass action or the eminent domain proceedings until such time as plaintiffs filed an amended petition.

Plaintiffs filed their amended petition for the appointment of viewers on January 20, 1975, and each of defendants have filed preliminary objections. The matter is now before this court for decision. It is to be noted that although the original petition included Washington County as a defendant, the amended petition does not.

The preliminary objections filed by the Commonwealth raised two questions: (1) Whether plaintiffs' action is barred by the statute of limitations; and (2) whether or not plaintiffs have alleged sufficient facts to set forth a de facto taking under the Eminent Domain Code.

With respect to the statute of limitations, section 524 of the Eminent Domain Code of June 22, 1964, Sp. Sess., P. L. 84, art. V, 26 PS §1-524, provides as follows:

"A petition for the appointment of viewers for the assessment of damages for a condemnation or compensable injury may not be filed after the expiration of six years from the date on which the condemnor made payment in accordance with section 407(a) or (b) of this act where the property or any part thereof has been taken, or from the date of injury where the property has been injured but no part thereof has been taken. If such petition is not filed before the expiration of such period, such payment shall be considered to be in full satisfaction of the damages."

In their amended petition, plaintiffs aver that the acts of the Commonwealth, of which they complain, occurred within the six year period prior to the filing of the petition, and that such acts continue to occur, in that sewage, waste water and debris continue to be deposited on their property. Of course, whether or not this is true remains to be seen, but, in any event, we cannot decide in limine that the statute applies. This can be ascertained only by the taking of testimony and we think that a board of view is the forum before which this should be done. Of course, if it develops, after testimony, that the statute of limitations is applicable, appropriate relief can be granted at that time.

The Commonwealth also contends that plaintiffs have not properly pleaded a de facto taking, and that they have not set forth a cause of action upon which relief can be granted in a condemnation proceeding. The township and the city also raise this same question.

Insofar as the Commonwealth is concerned, the petition alleges that the Commonwealth has performed certain acts, as a direct result of which sewage and waste water have flowed upon plaintiffs' property, unsightly weed growth has developed, and plaintiffs have suffered from foul and unpleasant odors.

With respect to the township, the petition alleges that this defendant has contributed to the collection and deposit of sewage and surface water on plaintiffs' property, and that it has dug trenches and ditches in the area of plaintiffs' property, which collect sewage and waste water and deposit them on plaintiffs' property.

Regarding the city, the petition alleges that it has contributed to the collection and deposit of surface water on the property by channeling storm water in such a way that it does not follow its natural water course.*

In Hereda et vir v. Lower Burrell Township, 159 Pa. Superior Ct. 262, 48 A.2d 83, 85 (1946), the court said:

"The testimony establishes and the jury found that prior to the diversion of water and sewage upon plaintiffs' property by closing the previously existing ditch, and the installation of an eighteen-inch steel pipe to carry the water and sewage accumulated from the east to the west side of Hill Street, the property of plaintiffs had not been af-

---

* Although defendants raised and argued the question that plaintiffs do not have a cause of action for consequential damages, we note from plaintiffs' brief that they are not claiming consequential damages, but only a de facto taking.

fected by any concentrated discharge. Subsequently plaintiffs' land and buildings were frequently flooded, and it was necessary that the accumulations be pumped from the cellars of the buildings. We think such injury may be said to be the direct, immediate, necessary, and unavoidable consequence of the exercise of appellant's conferred power and for such an act appellant's liability is absolute."

In Central Bucks Joint School Building Authority v. Rawls, 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973), we find this:

"The case at bar involves more than the planning of public improvement projects and factually more than any other de facto case we have yet confronted. Although not required (see Hudock, supra), the appellee Rawls has alleged what amounts to a physical intrusion as a result of the Authority's outfall line. It is averred that the stream on the land now contains a quantity of effluent greater then any surface water which may otherwise have flowed onto her land. To this watery invasion are attributed unpleasant odors, erosion of the stream bank and bed, unsightly weed growth, and a depreciation in property value. To hold that these alleged facts do not constitute a cause of action under Section 502(e) would be to ignore the language of the act."

As indicated, this court held by its order dated June 20, 1973, in the equity action, that plaintiffs had a remedy under the Eminent Domain Code. We see no reason to disturb that order.

Accordingly, the preliminary objections filed by each of defendants are dismissed.