OPINION OF THE COURT
Aaron E. Klein, J.
The defendants, pursuant to CPLR 3211 (subd [a], par 7) seeks an order dismissing the second cause of action contained in the complaint, contending that it appears from the face of the complaint that the plaintiff Laura L. Miller was not married to plaintiff, Michael J. Miller, on the date of the accident, allegedly giving rise to the injuries sustained by him and pleaded as a derivative cause of action by the plaintiff, Laura L. Miller.
On a motion such as this where no affidavits are submitted, the allegations of the pleading are deemed true, and the pleader is entitled to every inference that may be drawn from the allegations contained in the complaint. (See Siegel, New York Practice, § 265.)
The complaint alleges that the plaintiff, Michael J. Miller, was struck by a tractor trailer operated by the defendant Davis, and owned by the defendant O’Breza, on November 24, 1979 at 3:30 a.m. This collision is alleged to have been caused by the negligent operation of the vehicle for which plaintiff claims to have sustained a serious injury.
From the allegations contained in the second cause of action attacked in this motion, it appears that the plaintiffs were engaged to be married on November 24, 1979, *344 with the marriage scheduled to take place on that date. Due to the injuries sustained by plaintiff, Michael J. Miller, the wedding was postponed until November 25, 1979, and it took place on that date in the Community Hospital at Cobleskill, New York. Plaintiff Laura L. Miller seeks monetary damages for the loss of society, companionship and consortium of plaintiff, Michael J. Miller.
In Millington v Southeastern Elevator Co. (22 NY2d 498), the Court of Appeals reversed the trial court’s dismissal of the complaint for insufficiency, holding that a wife possessed an equal right to claim damages for her loss of consortium when her husband was injured by reason of another’s wrongful conduct. Prior to that decision, the Court of Appeals had refused to recognize a wife’s right to maintain an action for loss of consortium occasioned by injury to her spouse. (See Kronenbitter v Washburn Wire Co., 4 NY2d 524.) The court in Milling-ton (supra), acknowledged the sweeping changes which the legal status of women had undergone which reflected a movement by society toward the concept of equality between the sexes.
The only New York case this court has found on the issue of whether a spouse can recover for loss of consortium for injuries sustained prior to the marriage, held that a husband could not recover damages where it appeared that the wife was injured prior to the marriage. (Rademacher v Torbensen, 257 App Div 91.) In this court’s view, the Rademacher case is legally indistinguishable from the case before this court based upon the rationale of Millington (supra).
Accordingly, the motion of the defendants will be granted dismissing the second cause of action of the complaint for failure to state a cause of action. (CPLR 3211, subd [a], par 7.)