## Saternow v. Byknish

*Ronald T. Heiman*, for plaintiffs.
*W. Allen Dill*, for defendants.

FORNELLI, *J.*, October 19, 1983—Plaintiffs are husband and wife who brought an action in trespass against defendants for injuries allegedly incurred on August 9, 1981 in an automobile accident. Count II of the complaint alleges that plaintiff husband is entitled to damages for his consequent loss of consortium and other services of plaintiff wife. The pleadings reveal that plaintiffs were unmarried at the time of the accident, but did marry less than 30 days later on September 5, 1981.[1] Defendants filed a motion for partial summary judgment as to Count II of the complaint.

This court may grant partial summary judgment if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The only fact necessary for a determination of defendants' motion is whether the plaintiffs were married to each other at the time of the accident. It is undisputed that plaintiffs were not married until shortly after the accident. See complaint, paragraph 1.[2]

The only issue presented is whether defendants are entitled to judgment as a matter of law on plaintiff husband's claim for loss of consortium. In other

---

1. The pleadings are silent as to their relationship at the time of the accident. It was represented at oral argument that plaintiffs were then engaged.

2. Defendant improperly attached a certified copy of the marriage certificate to the motion for partial summary judgment without a supporting affidavit. Thus, under Pa.R.C.P. 1035(b) and (d) we cannot consider it as evidence here.

words, should an action for loss of consortium be sustained where the underlying injuries to one's spouse predated the marriage?

It has long been established in Pennsylvania that either spouse is entitled to recover for loss of consortium. Hopkins v. Blanco, 457 Pa. 90, 320 A.2d 139 (1974). It is also well established that an action for loss of consortium at common law is not permitted where the injuries predate a legal marriage ceremony. See e.g., Felch v. Air Florida, Inc., 562 F.Supp. 383 (D.D.C. 1983) (applying Virginia law); Weaver v. G.D. Searle & Co., 558 F. Supp. 720 (N.D. Ala. 1983) (applying Alabama law); Navarre v. Wisconsin Barge Line, Inc., 502 F. Supp. 360 (S.D. Ill. 1980) (applying general maritime law); Wagner v. International Harvester Co., 455 F. Supp. 168 (D. Minn. 1978) (applying Minnesota law); Tremblay v. Carter, 390 So.2d 816 (Fla. Dist. Ct. App. 1980); Sostock v. Reiss, 92 Ill. App. 3d 200, 415 N.E.2d 1094 (1980); Angelet v. Shivar, 602 S.W.2d 185 (Ky. Ct. App. 1980); Childers v. Shannon, 183 N.J. Super. 591, 444 A.2d 1141 (1982); Sawyer v. Bailey, 413 A.2d 165 (Me. 1980); Miller v. Davis, 107 Misc. 2d 343, 433 N.Y.S.2d 974 (1980); Rademacher v. Torbenson, 257 A.D. 91, 13 N.Y.S.2d 124 (1939); Booth v. Baltimore & O.R. Co., 77 W. Va. 100, 87 S.E. 84 (1915). See also Annot., 5 A.L.R.4th 301 (1981), and W. Prosser, Law of Torts sec. 124, at 874 (4th ed. 1971).

Likewise, Pennsylvania courts have uniformly held to the rigid rule that an award for loss of consortium will not be permitted unless a legal marriage existed at the time of the injury. Akers v. Martin, 14 Pa. D.&C.3d 325 (1980); Rockwell v. Liston, 71 Pa. D.&C.2d 756 (1975); Sartori v. Gradison Auto Bus Co., 42 Pa. D.&C.2d 781 (1967); Fontana v. Mellott, 4 Adams Cty. L.J. 162 (C.P. 1963);

Donough v. Vile, 61 D.&C. 460 (1947). But see Sutherland v. Auch Inter-Borough Transit Co., 366 F. Supp. 127 (E.D. Pa. 1973), and Orga v. Pittsburgh Railways Co., 155 Pa. Super. 82, 38 A.2d 391 (1944) (obiter dictum).

Plaintiff argues here that rigid adherence to the common law rule should yield to the approach taken by the federal district court in Sutherland. In Sutherland, a husband sought a loss of consortium for injuries his wife sustained less than one month before their wedding. Sutherland noted that the couple were engaged at the time of the accident and the wedding date had already been announced. Consequently, the federal court predicted that the Pennsylvania Supreme Court would modify the common law rule asserted in Sartori v. Gradison Auto Bus Co., 42 Pa. D.&C.2d 781 (1967), and allow a spouse to recover for loss of consortium "where, at the time of the accident, plaintiffs were engaged to be married and the wedding date was less than a month away." Sutherland, 366 F.Supp. at 134. Thus, the dicta posited by the Sutherland court would allow recovery under special circumstances.

Plaintiff contends further that the Pennsylvania Superior Court indicated in Orga that there was "respectable authority in other jurisdictions" favoring a flexible rule regarding loss of consortium for premarital injuries. 155 Pa. Super. at 85, 38 A.2d at 392. However, the court in Orga did not determine whether such recovery would be permitted in Pennsylvania because the issue was improperly raised on appeal. Id. at 84-85, 38 A.2d at 392. No other appellate court in Pennsylvania has addressed this issue. It has, however, been decided by a number of common pleas courts:

In Donough v. Vile, 61 D.&C. 460 (1947), a plaintiff husband was denied recovery for loss of consor-

tium where the marriage occurred one month after the accident. The court distinguished Orga as non-binding dicta and reasoned that: "Damages for the loss of consortium are intended to compensate for an injury done to the connubial relationship. It would therefore appear that where the marriage relationship does not exist at the time of the tort, a cause of action cannot be created by a marriage subsequent thereto." Id. at 461-62.

Similarly, the court in Fontana v. Mellott, 4 Adams Cty. L. J. 162 (C.P. 1963), distinguished Orga as obiter dicta and held that a subsequent husband "had no right whatever to the services of his prospective wife" at the time of the accident and was therefore not entitled to recover for loss of consortium. Id. at 167.

Sartori v. Gradison Auto Bus Co., 42 D. & C.2d 781 (1967) denied recovery for loss of consortium where the marriage occurred ten months after the accident. Sartori stated:

A subsequent husband should not acquire any right to sue for loss of consortium. He should not be entitled to marry a cause of action. The tortfeasor, we are frequently told, takes his victim as he finds him. The victim should not acquire new parties as she proceeds along the roads of romance. Id. at 785.

More recently, two lower courts retained the common law rule, Akers v. Martin, 14 D. & C.3d 325 (1980) and Rockwell v. Liston, 71 D. & C.2d 756 (1975). Both courts rejected the holding in Sutherland. In denying recovery in Akers, the court merely asserted the rule that: "In Pennsylvania it is clear that a husband cannot recover for loss of consortium of his wife where the cause of action arose prior to the marriage." Id. at 328.

While these Pennsylvania cases do not offer an extensive analysis of the issue, out-of-state cases are

enlightening. New Jersey has recently refused to expand the legal parameters of marriage to include cohabitants and couples with affianced status. Childers v. Shannon, 183 N.J. Super. 591, 444 A.2d 1141 (1982). The Childers court reasoned that "marriage is the only dependable means by which a relationship — of which consortium is an element — may be legally defined . . . [and] is the only legal touchstone by which the strength of a male-female relationship may be tested." Id. at ____, 444 A.2d at 1142.

In Sawyer v. Bailey, 413 A.2d 165 (Me. 1980), the Supreme Court of Maine opined that mere engagement to marry does not entitle parties to legal protection afforded spouses. Id. at 167. Since the right of consortium grows out of the marital relationship, then it also "tracks the existence of the marital relationship and terminates at its dissolution by death or divorce." Id. Consequently, the "law is concerned with protecting the 'relational" interests of married persons and recognizes [only those actionable torts interfering] with the continuation of the relation of husband and wife. . . ." Id. The Sawyer court went on to ground its reasoning in public policy: "Legal causation must terminate somewhere and in the case of loss of consortium must as a social public policy be limited to the factual status of husband and wife existing at the time of the occurrence of the tortious conduct." Id. at 168.

In contrast, California has recently chosen to abandon the common law rule in favor of a more flexible approach. Butcher v. Superior Court of Orange County, 139 Cal. App. 3d 58, 188 Cal. Rptr. 503 (1983) (overruling Tong v. Jocson, 76 Cal. App. 3d 603, 142 Cal. Rptr. 726 (1977)). The court in Butcher agreed with Donough and Sawyer that interference with the continuation of the relational in-

terest is the interest protected by loss of consortium. However, the Butcher court held that if a "stable and significant" relationship could be proven that is parallel to the marital relationship, then the court would be able to find the elements of consortium and the damage to the relational interest. Id. at 70, 188 Cal. Rptr. at 512. The court went on to allow recovery since a common law marriage had existed for more than eleven years to which two children had been born and the common law spouses had filed joint tax returns and had held joint checking and savings accounts throughout their cohabitation.

It is worth noting here that none of the Pennsylvania cases dealt with the relationship of cohabitation as in Butcher. Rather, they dealt primarily with the mere intent to marry at a future date when the intervening injuries occurred. Arguably, the common law rule in Pennsylvania could be expanded to include cohabitation where it rises to the level of a common law marriage which is recognized in Pennsylvania.[3] However, the pleadings here do not allege any relationship that would satisfy even the "stable and significant" relationship test established in California.

Thus, even if we were inclined to modify the common law rule as plaintiffs invite us to do, the facts alleged in this case are not conducive to a modification or extension of the right to recover for loss of consortium.

Moreover, the cause of action for loss of consortium is based in the right to services and to an undisturbed relationship out of the marriage, interests which are legally protected against invasion and damage.[4] The nonexistence of marriage at the

---

3. 48 P.S.A. sec. 1-23 (Purdon 1961); see also Van Brakle v. Lanauze, 293 Pa. Super. 276, 438 A.2d 992 (1981).

4. W. Prosser, Law of Torts sec. 125 (4th ed. 1971).

time of the injury, therefore, precludes that cause of action. There being no legally cognizable relationship with mutual rights and duties existing, there is no consequent right to recover for injury to that relationship.[5] See Restatement (Second) of Torts §281.

## ORDER

And now, October 19, 1983, defendants' motion for partial summary judgment is granted.

5. With the advent of "palimony," it might be argued that cohabitation not rising to the level of a marriage (common law or otherwise) vests legal rights to an undisturbed relationship with and to the services of a cohabitant and is a basis for a loss of consortium claim against a tortfeasor who interrupts that relationship. We are not, however, at that legal juncture. See Annot., 3 A.L.R. 4th 13 and 94 A.L.R. 3d 552.